73 A.3d 514

**Alton D. BROWN, Appellee**

v.

**Mark LEVY, Prothonotary of Montgomery County, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 25, 2012.

Decided July 9, 2013.

2

Philip William Newcomer, Esq., Montgomery County Solicitor's Office, Raymond McGarry, Esq., King of Prussia, for Mark Levy.

Alton D. Brown, Pro Se, appellee.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, and McCAFFERY, JJ.

## OPINION

Justice EAKIN.

This is an appeal by Montgomery County Prothonotary Mark Levy from the Commonwealth Court's reversal of the order of the Montgomery County Court of Common Pleas granting the prothonotary's motion to dismiss and dismissing with prejudice appellee's petition for a writ of mandamus. We reverse.

■ Appellee is incarcerated at SCI–Graterford, serving 108 to 216 years imprisonment. He is a frequent filer of

4

frivolous litigation in the Commonwealth and federal courts.[1] Appellee attempted to file a civil action in Montgomery County alleging civil rights violations against numerous courthouse officials. *Brown v. Levy*, 993 A.2d 364, 365 (Pa.Cmwlth.2010) (*Brown I* ). This complaint was thrice rejected by the prothonotary for failure to provide names and addresses of all named defendants. *Id.* Appellee filed a petition for writ of mandamus to compel the prothonotary to accept the complaint[2]; the

1. "There is no question that Brown has already run afoul of A[the] three-strikes-and-you're-out policy." *Brown v. Beard*, 492 F.Supp.2d 474, 476 (E.D.Pa.2007). The federal district court noted:

 [N]umerous other cases [have been] dismissed against Brown for being frivolous, brought in bad faith, or failing to state a claim. *See, e.g., Brown v. Brierton*, et al., No. 91–CV–471 (M.D.[ ]Fla. Oct. 17, 1991) (Black, J.) (doc. no. 6) (dismissing prisoner rights case for abuse of judicial process); *Brown v. Brierton*, No. 92–2030 (11th Cir. Feb. 10, 1992) (denying appeal of prisoner civil rights case because appeal was not taken in good faith under Rule 24(a) of the Federal Rules of Appellate Procedure since the case was dismissed without prejudice for Brown's abuse of the judicial process); *Brown v. Barton, et al.*, No. 93–CV–45 (M.D.[ ]Fla. Sep[t]. 12, 1994) (Moore II, J.) (denying appeal of prisoner civil rights case because not taken in good faith); *Brown v. Federal Laboratories, Inc.*, No. 89–507 (M.D.[ ]Fla.1989) (dismissing claim as frivolous). . . .

 *Id.*, at 476–77. Just a small sampling of the complaints appellee has filed in Pennsylvania include: *Brown v. Beard*, 11 A.3d 578 (Pa.Cmwlth. 2010) (dismissing prison conditions litigation as frivolous speculation); *Brown v. Pa. Department of Corrections*, 913 A.2d 301 (Pa.Cmwlth.2006) (dismissing request to proceed *in forma pauperis* and petition for writ of mandamus under "three strikes" rule as baseless, groundless, and frivolous); *Brown v. Blaine*, 833 A.2d 1166 (Pa.Cmwlth.2003) (complaint dismissed for failure to state claim); and *Brown v. James*, 822 A.2d 128 (Pa.Cmwlth.2003) (request to proceed *in forma pauperis* on petition for writ of mandamus dismissed under "three strikes" rule).

2. The writ of mandamus exists to compel official performance of a ministerial act or mandatory duty. *See Delaware River Port Authority v. Thornburgh*, 508 Pa. 11, 493 A.2d 1351, 1355 (1985). Mandamus cannot issue "to compel performance of a discretionary act or to govern the manner of performing [the] required act." *Volunteer Firemen's Relief Ass* [*ociation* ] *of the City of Reading v. Minehart* [415 Pa. 305], 203 A.2d 476, 479 (1964). This Court may issue a writ of mandamus where the petitioners have a clear legal right, the responding public official has a corresponding duty, and no other adequate and appropriate remedy at law exists. *Id.; see Board of Revision of Taxes* [*City of Philadelphia* ] *v. City of Philadelphia* [607 Pa. 104], 4 A.3d 610, 627 (2010). Moreover mandamus is proper to compel the performance of official duties whose scope is defined as a result of the mandamus action litigation. *Thornburgh*, at 1355. Thus "we have held that manda-

prothonotary filed a motion to dismiss under the "three strikes" rule, which provides if three or more of a prisoner's prior civil actions regarding prison conditions have been dismissed, the court may dismiss the current action. *Brown I*, at 364–65 (citing 42 Pa.C.S. § 6602(f)). The trial court granted the motion. *Id.*, at 365. On appeal, the Commonwealth Court found "the underlying issue A of whether [appellee]'s mandamus action was properly dismissed under the 'three strikes' rule" was correctly decided. *Id.*, at 366. Specifically, the Commonwealth Court found the trial court's dismissal proper because it dismissed appellee's petition for the "same reason" the Allegheny County Court of Common Pleas had dismissed appellee's case in *Brown v. James*, which the Commonwealth Court also affirmed. *Id.* (citing *Brown v. James*, at 131). The court in *Brown I* also found the mandamus action did "not fall within the exception to 42 Pa.C.S. § 6602(f)," and ultimately affirmed the dismissal of appellee's petition. *Brown I*, at 366.[3]

Appellee filed a civil action against the Pennsylvania Department of Corrections, along with 33 other institutions and individuals, for inadequate medical treatment and other conduct allegedly violating his constitutional rights. The prothonotary twice rejected appellee's complaint because some of the named defendants' addresses were missing. Appellee proceeded to file a petition for writ of mandamus to compel the prothonotary to accept his complaint. In addition to mandamus relief, appellee sought damages pursuant to 42 Pa.C.S. § 8303 for physical and mental suffering because of the prothonotary's failure to perform his duty as required by law. The prothonotary filed a motion to dismiss the mandamus action on the grounds it violated the "three strikes" rule. The motion was granted by the trial court. On appeal, the Com-

mus will lie to compel action by an official where his refusal to act in the requested way stems from his erroneous interpretation of the law." *Minehart*, at 479–80.

*Fagan v. Smith*, 615 Pa. 87, 41 A.3d 816, 818 (2012) (*per curiam*).

3. Section 6602(f) requires the court to hear a case if there is a credible allegation of imminent danger of serious bodily injury. 42 Pa.C.S. § 6602(f).

monwealth Court reversed. *Brown v. Levy*, 25 A.3d 418, 418 (Pa.Cmwlth.2011) *(Brown II)*.

In *Brown II*, the Commonwealth Court found *Brown I* was not controlling because "the opinion d[id] not indicate that the authority of the [p]rothonotary to refuse to accept the complaint for filing was at issue." *Id.*, at 421. Further, the court held "the [p]rothonotary's lack of authority to refuse to accept [appellee]'s complaint compel[led] a reversal." *Id.* We granted the prothonotary's Petition for Allowance of Appeal, limited to a single issue:

> Does an inmate's mandamus action that seeks (i) an order compelling a prothonotary to accept a previously rejected civil complaint for filing, and (ii) an award of money damages for alleged physical and mental suffering supposedly caused by the prothonotary's actions, address "the effects of actions by a government party on the life of an inmate confined in prison" so as to constitute "prison conditions litigation" as that term is defined in § 6601 of the Pennsylvania Prison Litigation Reform Act, 42 Pa.C.S. § 6601, et seq. ("PLRA"), thereby subjecting the action to dismissal pursuant to the "three strikes" rule of 42 Pa.C.S. § 6602(f)?

*Brown v. Levy*, 614 Pa. 459, 38 A.3d 768, 769 (2012) *(per curiam )*. "Because statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Hacker*, 609 Pa. 108, 15 A.3d 333, 335 (2011) (quoting *Snead v. Society for the Prevention of Cruelty to Animals of Pennsylvania*, 604 Pa. 166, 985 A.2d 909, 912 (2009)). When interpreting an unambiguous statute, such as the one at issue, the plain meaning of the statute must control. *Kirsch v. Public School Employees' Retirement Board*, 603 Pa. 439, 985 A.2d 671, 674 (2009) (quoting *Commonwealth v. Fedorek*, 596 Pa. 475, 946 A.2d 93, 98–99 (2008)). Furthermore, "basic principles of statutory construction demand that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* (quoting *Fedorek*, at 99).

The "three strikes" rule provides: "If [a] prisoner has previously filed prison conditions litigation and [ ] three or more of these prior civil actions have been dismissed A the court may dismiss the action." 42 Pa.C.S. § 6602(f). It is undisputed appellee has previously filed more than three prison conditions litigation actions that have been dismissed. *See Brown v. Beard*, at 580; *Brown v. Department of Corrections*, at 305; *Brown v. James*, at 130. It is also undisputed the underlying complaint the prothonotary refused to accept constitutes prison conditions litigation.[4]

At issue is whether appellee's mandamus action constitutes prison conditions litigation, and is therefore also subject to the "three strikes" rule. "Prison conditions litigation" is defined in the PLRA as: "A *civil proceeding* arising in whole or in part under Federal or State law with respect to the conditions of confinement or *the effects of actions by a government party on the life of an individual confined in prison.* The term includes an appeal." 42 Pa.C.S. § 6601 (emphasis added). The prothonotary argues appellee's mandamus action meets this definition because (1) a petition for mandamus is a civil action, (2) the prothonotary is a government party, and (3) his action affects the life of an individual confined in prison.

Appellee, on the other hand, argues his action does not meet the definition of prison conditions litigation. First, he posits petitions for writ of mandamus are not civil actions because they are available in both the civil and criminal realm. Appellee relies on *Madden v. Myers*, 102 F.3d 74 (3d Cir.1996), *superseded in part by* 3d Cir. LAR 24.1(c) (1997) (altering prisoner-account-statement procedure described in footnote six of *Madden* ), and its statement that a writ of mandamus is merely a "procedural mechanism" for the court of appeals to

4. The Commonwealth Court, when reviewing the mandamus petition, prejudged the complaint, declaring it a "foregone conclusion" appellee's complaint would have been dismissed under the "three strikes" rule had the prothonotary accepted it for filing. *Brown II*, at 420. Based on this determination, the court found the prothonotary's refusal to accept the complaint had no "ascertainable effect" upon appellee's life in prison; therefore, the mandamus petition in and of itself was not prison conditions litigation. *Id.*

review a "discrete category of district court orders." *Id.*, at 76–77 (citations omitted). He also relies on this Court's passing remark that the Pennsylvania General Assembly patterned Pennsylvania's PLRA after the federal PLRA in *Payne v. Commonwealth Department of Corrections,* 582 Pa. 375, 871 A.2d 795, 800 (2005), to support his argument that this Court should find *all* petitions for writ of mandamus are not civil actions under Pennsylvania law.

Appellee also argues his action does not meet the third requirement for an action to constitute prison conditions litigation—that the action have an effect on his life in prison. Appellee argues his action merely concerns the fact the prothonotary denied him access to the court, and has no effect on his life in prison. For the reasons discussed below, we agree with the prothonotary that a petition for writ of mandamus against the prothonotary may constitute prison conditions litigation and may be subject to the "three strikes" rule.

As we have previously stated in *Payne,* Pennsylvania's PLRA was patterned after the federal PLRA; therefore, while *Madden* and other circuit court decisions interpreting the federal PLRA are not controlling, they may be viewed as persuasive authority. *See Pennsylvania Labor Relations Bd. v. Loose,* 402 Pa. 620, 168 A.2d 323, 325 (1961) (finding federal decisions involving National Labor Relations Act may be looked to for guidance interpreting Pennsylvania Labor Relations Act).

Appellee begins his argument by citing only one proposition from a single Third Circuit decision, providing language that would seemingly support his argument. However, appellee fails to mention the rule in its entirety. Mandamus and other extraordinary writs are considered civil actions by the circuit courts when the relief requested is related to a civil action, and are not considered civil actions when the relief requested is related to a criminal action. *Compare Madden,* at 78 ("It is the nature of the document, rather than the label attached by the litigant, that controls."), *with id.,* at 77 ("[W]here the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail, the petition for mandamus

need not comply with the PLRA."); *accord In re Crittenden,* 143 F.3d 919, 920 (5th Cir.1998) *(per curiam )* ("three strikes" rule precluded prisoner from proceeding on petition for writ of mandamus arising from civil rights action). In *Madden,* the mandamus petition related to a habeas corpus action, and therefore, related to a criminal action not subject to the PLRA. *Madden,* at 77.

"It is reasonable to assume that Congress wished to apply the PLRA's deterrent effect to prisoners' complaints, regardless of the type of pleading filed by the prisoner to obtain relief." *In re Nagy,* 89 F.3d 115, 117 (2d Cir.1996). "[P]etitions for mandamus ... predicated on underlying civil claims fall within the range of actions that Congress sought to subject to the PLRA...." *In re Smith,* 114 F.3d 1247, 1250 (D.C.Cir.1997). As the General Assembly patterned Pennsylvania's PLRA after the federal PLRA, we conclude this rationale holds true in Pennsylvania as well. Therefore, mandamus actions related to underlying civil actions meet the first requirement of the definition of prison conditions litigation.

 Furthermore, "[t]he prothonotary is [a] ... clerk of the court of Common Pleas." *In re Administrative Order No. 1–MD–2003,* 594 Pa. 346, 936 A.2d 1, 9 (2007) (quoting *Gotwalt v. Dellinger,* 395 Pa.Super. 439, 577 A.2d 623, 625 (1990)). As the clerk of court, the prothonotary "is considered to be the Commonwealth government as a Commonwealth officer." *Id.,* at 7 (citing 42 Pa.C.S. § 102 (defining "Commonwealth government" as "government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system"); Pa. Const. art. V, § 15). Therefore, mandamus actions also meet the second requirement of the definition of prison conditions litigation—that the action must be by a government party.

 Finally, as to the requirement an action have an effect on the life of the prisoner, although petitions for writ of mandamus may be considered independent causes of action in other situations, in this case, the petition is a collateral filing entirely dependent upon the underlying complaint. We agree

with the Commonwealth Court's concerns that the prothonotary "lacks authority to interpret statutes, evaluate the merits of a litigant's pleading, and decline to accept a timely filed document." *Brown II*, at 420 (citing *Administrative Order*, at 9). The prothonotary, however, did not interpret the PLRA or evaluate the merits of appellee's pleading—his motion to dismiss on the basis of "three strikes" required the Montgomery County Court of Common Pleas to make these underlying determinations—the trial court did. While the prothonotary's actions could be viewed as a rejection of a timely-filed complaint, the complaint was only rejected because it was missing some of the defendants' addresses. Had appellee complied with the prothonotary's request to amend his complaint, the prothonotary would have accepted it, as he has in many of appellee's other cases regardless of his status as an unremitting filer of prison conditions litigation. Appellee chose to forego the standard procedures of the court and file a petition for writ of mandamus to force the prothonotary to accept his complaint, even though it was incomplete, rather than properly amend the complaint.

Appellee demands this Court force the prothonotary to accept his complaint, containing prison conditions litigation allegations, just so the court may dismiss the complaint as prison conditions litigation. This is a clear waste of judicial resources, and in the interest of judicial economy, we hold this mandamus petition to force acceptance of a complaint about prison conditions is itself prison condition litigation within the meaning of the statute; it relates directly to an underlying complaint regarding prison conditions litigation. An individual may not skirt the legislature's intent to preclude him from filing frivolous litigation merely by filing for an extraordinary writ. *See In re Smith*, at 1250 ("[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements . . . .").

Furthermore, regardless of the dependency of the petition on the underlying complaint, the specific averments appellee makes in his petition also support our conclusion that this petition in and of itself has had an effect on his life in prison. In fact, appellee avers he has sustained physical and mental

injury because of the prothonotary's rejection of his complaint. While the causal connection between the prothonotary's actions and such injuries is foggy, appellee avers the prothonotary's actions have had an effect on his life in prison. Therefore, appellee's petition for writ of mandamus meets the third requirement for an action to be considered prison conditions litigation—that the government party's actions have an effect on the life of an individual in prison.

Appellee has not argued on appeal his mandamus petition qualifies under the "three strikes" exception or the PLRA exclusions; any argument as to these points would now be deemed waived.[5] It is important to note, however, the General Assembly intentionally excluded from the "three strikes" rule preliminary injunctive relief that makes a credible allegation of serious bodily injury, and excepted criminal and habeas corpus proceedings from the definition of prison conditions litigation.[6] Therefore, as the General Assembly chose not to specifically include mandamus actions in either the exception or the exclusion, it follows this choice was intentional. *See* 1 Pa.C.S. § 1924 ("Exceptions expressed in a statute shall be construed to exclude all others.").

In conclusion, we hold appellee's petition for writ of mandamus constitutes prison conditions litigation under the PLRA, and the Commonwealth Court improperly reversed the trial court's dismissal of the petition.

Order reversed. Jurisdiction relinquished.

Chief Justice CASTILLE, and Justices SAYLOR, BAER, TODD and McCAFFERY join the opinion.

---

**5.** *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

**6.** The "three strikes rule" expressly states "[t]he court shall not ... dismiss a request for preliminary injunctive relief ... which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury." 42 Pa.C.S. § 6602(f). The definition of prison conditions litigation "does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison." *Id.,* § 6601. While there may be a legal difference between an exception and an exclusion, in this case there is no difference in their treatment.