J. S48024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON SALTSMAN | : | |
| Appellant | : | |
| | : | No. 1719 WDA 2015 |

Appeal from the Judgment of Sentence October 12, 2015
In the Court of Common Pleas of McKean County
Criminal Division No(s): CP-42-CR-0000143-2015

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.:                                    **FILED JULY 22, 2016**

Appellant, Jason Saltsman, appeals from the October 12, 2015 Judgment of Sentence of six (6) months' probation plus payment of restitution entered in the Court of Common Pleas of McKean County following his conviction after a bench trial of driving under the influence – general impairment ("DUI").[1]  After careful review, we conclude that (i) the Commonwealth presented sufficient evidence to support the trial court's conviction; and (ii) the trial court erred as a matter of law in ordering restitution.  As such, we affirm in part and reverse in part Appellant's Judgment of Sentence.

---

[1] 75 Pa.C.S. § 3802 (a)(1) – General Impairment.

- 1 -

We summarize the factual and procedural history of this case as follows. On December 18, 2014, Port Allegany Police Officer Adam Dickerson responded to a report of an altercation at the Sheetz convenience store in Port Allegany, Pennsylvania. (N.T., 09/14/15, at 8). Upon arrival, Officer Dickerson saw Appellant standing outside the store with two other males. The two others walked away, and Officer Dickerson, who recognized Appellant, began speaking with him. *Id.*

While speaking with Appellant, Officer Dickerson smelled an odor of alcohol emanating from Appellant's person. *Id*. Officer Dickerson noticed that Appellant's eyes were bloodshot and glassy, his speech was slower than "normal," and as Appellant spoke, his body swayed back and forth. *Id*. at 10. Appellant told the officer that he and his friends had recently returned from the Roadside Saloon, where he had consumed "somewhere between eight and ten beers over a three-hour time span." *Id*. He further stated that he drove himself to the Sheetz convenience store for food, and later acknowledged that "he probably shouldn't have been driving that evening." *Id*. at 11.

Officer Dickerson administered field sobriety tests to Appellant. During the walk and turn test, Appellant raised his arms and failed to keep his feet heel to toe, two indicia that a subject is over the legal limit for blood alcohol content. *Id*. at 24. During the one-legged stand test, Appellant could not hold his right foot in the air for more than two or three seconds. *Id*. at 15.

Instead, he almost immediately put his foot back on the ground and lifted his arms in an attempt to balance himself. *Id*. Based on his training as well as his extensive experience with persons under the influence, Officer Dickerson concluded that Appellant was too intoxicated to drive. *Id*. at 16.

Officer Dickerson placed Appellant under arrest and drove him to Charles Cole Hospital for a blood test. *Id*. Appellant was charged with one count each of DUI – General Impairment, and DUI – High Rate of Alcohol. In a pre-trial motion, the Commonwealth withdrew Count 2, DUI – High Rate of Alcohol. *Id*. at 4.

The trial court convicted the Appellant of DUI – General Impairment and then sentenced Appellant to a term of six (6) months' probation, plus restitution in the amount of $101.00 for the blood testing fee. Appellant did not file any post-sentence motions. He timely filed the instant appeal.

Appellant raises the following issues for review:

1. Was there sufficient evidence to convict Appellant for violating 75 Pa.C.S. § 3802(a)(1)?

2. Did the Trial Court make an error of law when it ordered that Appellant pay for restitution to the PAPD in the amount of $101.00 for the blood testing fee, even though Count 2, 75 Pa.C.S. § 3802(b) was dismissed prior to trial?

Appellant's Brief at 2.

In his first issue, Appellant avers that the Commonwealth failed to prove beyond a reasonable doubt that he operated a vehicle while under the influence. Specifically, Appellant emphasizes that the officer did not see him

in the vehicle at any point, and did not find car keys anywhere on his person. *Id.* at 3.

In reviewing the sufficiency of the evidence, the applicable standard of review is as follows:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted).

Our Vehicle Code provides that "[a]n individual may not drive, operate, or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating, or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1); *Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa. Super. 2011). The Commonwealth may establish by the "totality of the circumstances" that a defendant drove,

operated, or was in actual physical control of a motor vehicle. *See*

*Commonwealth v. Johnson* 833 A.2d 260, 266 (Pa. Super. 2003)

(concluding that there existed sufficient evidence to prove beyond a

reasonable doubt that the Defendant drove, operated, or was in actual

physical control of a vehicle, even though he was standing outside the

vehicle when the police arrived and the police never actually witnessed him

driving).

Following a thorough review of the record, the briefs of the parties, the

applicable law, and the opinion of the trial court, we conclude that there is

no merit to Appellant's challenge to the sufficiency of the evidence. As

noted above, by his own admission, Appellant drove his vehicle while

impaired. He told Officer Dickerson that he had been drinking at a bar with

friends, had consumed between eight to ten beers over a three-hour time

span, and then drove his friends back to Port Allegany before he drove to

the Sheetz store. Appellant also admitted to Officer Dickerson that he

"probably shouldn't have been driving that evening." (N.T., 09/14/15, at

10).

This admission, when combined with Officer Dickerson's observation of

Appellant's impaired state, as well as Appellant's inability to pass the field

sobriety tests, was sufficient to support Appellant's DUI conviction. *See*

*Johnson*, 833 A.2d at 260.

We next address Appellant's assertion that the trial court erred when it ordered that he pay restitution to the Port Allegany Police Department in the amount of $101.00 for the blood testing fee. He avers that because the District Attorney withdrew Count 2 prior to trial,[2] the trial court lacked the authority to order him to pay for the blood test. Appellant's Brief at 7.

Before turning to the merits of this claim, we address the trial court's assertion that Appellant waived this claim. The trial court's authority to impose restitution goes to the legality of a sentence and therefore, cannot be waived by Appellant's failure to file a post-sentence motion. **In the Interest of M.W.,** 725 A.2d 729, 731 (Pa. 1999) (holding that when a court's authority to impose restitution is challenged, it pertains to the legality of a sentence and as such cannot be waived). Moreover, this Court has long held that "[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." **Commonwealth v. Jacobs**, 900 A.2d 368, 374 (Pa. Super. 2006) (*en banc*).

Resolution of this claim requires that we interpret 18 Pa.C.S. § 1106, which governs restitution in criminal sentencing. Statutory interpretation is a question of law, therefore, our standard of review is *de novo*, and our scope of review is plenary. **Brown v. Levy**, 73 A.3d 514, 517 (Pa. 2013).

---

[2] Appellant was charged with Count 2 under 75 Pa.C.S § 3802(b) – High Rate of Alcohol.

When ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. *See Id.*

Restitution is controlled by Section 1106, which states:

Upon conviction for any crime wherein property has been stolen, converted, or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106.

As applied here, Appellant did not steal, convert, or otherwise unlawfully obtain any property and did not cause any personal injuries. Accordingly, Section 1106 cannot apply, the trial court erred as a matter of law in ordering restitution, and we reverse that part of the sentence.[3]

We, however, do not remand for resentencing because the restitution portion of the sentence is not integral to the entire sentence as a whole: "[a] remand is not necessarily appropriate when a portion of a sentence is vacated on appeal, if the vacated portion of the sentence was not integral to the penalty." *Commonwealth v. Thur* 906 A.2d 552 (Pa. Super. 2002); *C.f. Commonwealth v. Deshong*, 850 A.2d 712, 716-717. (Pa. Super. 2004) (remanding for resentencing where the trial court specifically

---

[3] Because the trial court had no authority to impose restitution, we do not need to address Appellant's argument that, because the District Attorney withdrew Count 2, the trial court erred in imposing restitution.

indicated that it factored restitution into its decision to sentence Defendant to a term of imprisonment below the sentencing guidelines).

In the instant case, the trial court sentenced Appellant to the recommended sentence of probation without mentioning restitution as a consideration in its choice of probation. (N.T. Sentencing, 10/12/15, at 5). The imposition of restitution was thus not integral to the sentence imposed, and our reversal of the restitution order does not upset the sentencing scheme.

In consideration of the foregoing, we affirm the conviction and sentence of probation, and reverse the restitution portion of the Judgment of Sentence.

Conviction affirmed. Judgment of Sentence affirmed in part and reversed in part.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/22/2016