J. S48021/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANK D. CLEMENT | : | |
| | : | |
| Appellant | : | |
| | : | No. 1534 WDA 2015 |

Appeal from the Judgment of Sentence September 18, 2015
In the Court of Common Pleas of Erie County
Criminal Division No(s): CP-25-CR-0002345-2014

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.: **FILED AUGUST 31, 2016**

Appellant, Frank D. Clement, appeals from the Judgment of Sentence entered on September 18, 2015, in the Court of Common Pleas in Erie County after his convictions for 20 counts of Possession of Child Pornography.[1] After careful review, we find Appellant's proportionality challenge to the constitutionality of his sentence based on Article I, Section 13 of the Pennsylvania Constitution undeveloped and, therefore, waived. Accordingly, we affirm.

---

[1] 18 Pa.C.S. § 6312(d).

- 1 -

In 2002, Appellant pled guilty to federal charges of Possession of Material Depicting Sexual Exploitation of a Minor.[2] On May 7, 2015, Appellant pled guilty to 20 counts of Possession of Child Pornography. Because of his prior federal child pornography conviction, Appellant was sentenced under 42 Pa.C.S. § 9718.2, which provides a mandatory minimum sentence of 25 years for recidivist offenders.[3] On September 18, 2015, the trial court sentenced Appellant to concurrent sentences on each of the twenty convictions, resulting in an aggregate sentence of 25 years' to 50 years' incarceration.

_____

[2] 18 U.S.C. § 2252.

[3] The sentencing statue at issue provides, in relevant part:

**(a)  Mandatory sentence. –**

(1)  Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S. § 9718.2(a)(1).

Appellant was previously convicted of 18 U.S.C. § 2252, one of the crimes enumerated in 42 Pa.C.S. § 9799.14(b)(12).

After the denial of his Motion for Reconsideration, Appellant timely appealed. Both Appellant and the trial court satisfied the requirements of Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. The sentence imposed in this case under 42 Pa.C.S. § 9718.2 and the Statute itself is unconstitutional because they violate the prohibition on cruel and unusual punishments contained in Article I, § 13 of the Pennsylvania Constitution and state substantive due process.

2. The sentence imposed is unconstitutional because it violates the proportionality requirement of Article I, § 13 and substantive due process under the Pennsylvania Constitution.

Appellant's Brief at 1.

Appellant's challenge to the constitutionality of his sentence is a pure question of law. *Brown v. Levy*, 73 A.3d 514, 517 (Pa. 2013). Therefore, our scope of review is plenary and our standard of review is *de novo*. *Id.*

In addressing constitutional challenges, we are mindful that

there is a strong presumption that legislative enactments are constitutional. *Commonwealth v. Barud,* [ ] 681 A.2d 162, 165 (Pa. 1996). For an act to be declared unconstitutional, appellant must prove that the act "clearly, palpably and plainly" violates the constitution. *Id.* (citation omitted). All doubts are to be resolved in favor of sustaining a statute; thus an appellant has the heavy burden of persuasion when challenging the constitutionality of a statute. *Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators,* [ ] 805 A.2d 476, 479 (2002).

*Commonwealth v. Nguyen*, 834 A.2d 1205, 1208 (Pa. Super. 2003)

Appellant bases both of his issues on a contention that because Pennsylvania's Constitution "is more stringent regarding the issue of Cruel

- 3 -

and Unusual Punishment than is the United States Constitution," the mandatory minimum contained in 42 Pa.C.S. § 9718.2(a)(1) violates Article I, Section 13 of the Pennsylvania Constitution prohibiting the infliction of cruel punishment. Appellant's Brief at 4 (without citation to authority). Appellant states that the decision in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013), "based on the 5th and 6th Amendments to the Federal Constitution as interpreted in *Apprendi v. N.J.*, 530 U.S. 466 (2000), … implies that 'cookie cutter' mandatory minimum sentencing schemes, such as the one at hand, should be highly scrutinized." Appellant's Brief at 5. He further argues that the application of Section 9718.2 resulted in an impermissibly disproportionate sentence because he "never committed a hands-on sex offense," and he received "a greater punishment than many who perpetuate actual, physical, sexual offenses against children." Appellant's Brief at 6-7.

This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure, Pa.R.A.P. 2101-2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." This includes issues of a constitutional dimension. *Coulter v. Ramsden*, 94 A.3d 1080, 1089 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014).

We conclude that Appellant waived his issues for failing to develop them as required by our rules of appellate procedure. Pa.R.A.P. 2119(a) provides that an appellant is required to cite to pertinent authority to support particular points within his argument. Appellant provides no citation to relevant authority to support his averment that Article 1, Section 13 of the Pennsylvania Constitution is "more stringent" than the Eighth Amendment of the U.S. Constitution. Appellant's Brief at 4. Rather he cites **Alleyne** and **Apprendi**, cases based on the Fifth and Sixth Amendments to the U.S. Constitution. We, thus, conclude he has waived his issues. **See Coulter**, **supra**. **See also Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation and quotation marks omitted)).[4]

Even if Appellant's issues were not waived, we would conclude that they are without merit. Appellant urges this Court to "scrutinize" the constitutionality of the mandatory minimum provided in 42 Pa.C.S. § 9718.2

---

[4] Additionally, Appellant has not provided an analysis of the factors required by **Commonwealth v. Edmunds**, 586 A.2d 887 (Pa. 1991), to support his argument. The **Edmunds** Court held that litigants must brief and analyze at least the following four factors in order to present a challenge implicating the Pennsylvania Constitution: "1) text of the Pennsylvania constitutional provision; 2) history of the provision, including Pennsylvania case-law; 3) related case-law from other states; and 4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence." **Id**. at 895.

by considering that the sentence he received is disproportionate to the crimes he committed because he never had actual physical contact with a child. He avers that his crimes of possession of child pornography were not so grave as to deserve a 25-year minimum sentence, particularly in light of his "addiction to pornography." **See** Appellant's Brief at 6-7 (citing **Robinson v. California**, 370 U.S. 660 (1962)).[5]

Our Supreme Court has already thoroughly scrutinized and squarely rejected the exact same argument of disproportionality Appellant has presented here. **See Commonwealth v. Baker**, 78 A.3d 1044, 1052 (Pa. 2013).[6] **Baker** and the instant case are essentially procedurally and factually identical. Appellant has not made a compelling argument to persuade us that the disposition of his case would be any different from our Supreme Court's disposition in **Baker**.

In light of Appellant's failure to develop his state constitutional challenge, we conclude Appellant waived the issues raised on appeal.

---

[5] In **Robinson**, the U.S. Supreme Court held that a statute criminalizing the disease of drug addiction "inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment." **Id**., 370 U.S. at 667.

[6] In **Baker**, our Supreme Court analyzed the same disproportionality argument within the framework of the Eighth Amendment to the U.S. Constitution before rejecting Baker's argument that because he only had pictures, and had not himself engaged in any sexual abuse or exploitation of children, his crimes did not warrant a 25-year mandatory minimum sentence which he characterized as "grossly disproportionate." **Id**., 78 A.3d at 1051-52.

Judgment of Sentence affirmed.

Judge Musmanno joins the memorandum.
Judges Bowes Concurs in Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016