J-S70021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ALTON D. BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ALTON D. BROWN | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 741 MDA 2017 |

Appeal from the Order Entered April 3, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-MD-0001812-2016


BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 24, 2018**

Appellant, Alton D. Brown, appeals *pro se* from the April 3, 2017 order denying his petition for review.   We affirm.

The record reveals that on December 12, 2016, Appellant filed a *pro se* petition for review alleging that he had filed a private criminal complaint on October 13, 2015, and the Attorney General of Pennsylvania had failed to respond.   Appellant also filed an application to proceed *in forma pauperis* ("IFP") during the litigation of his petition for review in the trial court.   On April 3, 2017, the trial court denied Appellant's petition for review and

dismissed Appellant's private criminal complaint as frivolous.[1]  The trial court

also denied Appellant's petition for IFP status.

On May 3, 2017, Appellant filed a timely notice of appeal and an

application to proceed IFP on appeal.  On May 5, 2017, the trial court

granted Appellant's application to proceed IFP on appeal and directed

Appellant to file a concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b).  On May 22, 2017, Appellant timely filed his

Pa.R.A.P. 1925(b) statement with the Dauphin County Clerk of Courts, and it

was entered on the trial court docket.  On that same day, Appellant also filed

a motion for an extension of time in which to serve the trial judge with a

copy of the Pa.R.A.P. 1925(b) statement, as Appellant alleged he did not

have sufficient funds to cover the cost of postage.[2]  On May 25, 2017, the

trial court granted Appellant's motion for an extension of time to provide the

trial judge a copy of the Pa.R.A.P. 1925(b) statement.  However, despite the

_____

[1] We point out that due to the sheer number of filings by Appellant in the courts of this Commonwealth, it is a daunting and time-consuming task to track the frivolous, duplicative, and voluminous litigation he creates.  *See* ***Brown v. Levy***, 73 A.3d 514, 515 (Pa. 2013) (wherein our Supreme Court labeled Appellant "a frequent filer of frivolous litigation in the Commonwealth and federal courts.").

[2] Pa.R.A.P. 1925(b) requires an appellant to "file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]"  While Appellant timely **filed** his Pa.R.A.P. 1925(b) statement, he sought an extension of time in which to **serve** the trial court judge with a copy of the statement.

extension of time, Appellant never served the trial judge with a copy of his Pa.R.A.P. 1925(b) statement.

On June 19, 2017, the trial court filed a memorandum addressing Appellant's appeal. The trial court stated as follows:

It is well-established that "Appellant's concise statement must properly specify the error to be addressed on appeal." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (citation omitted). "The Rule 1925(b) statement must be specific enough for the trial court to identify and address the issues an appellant wishes to raise on appeal." *Id.* Further, the Pennsylvania Superior Court may find a waiver where a concise statement is too vague. *Id.* "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of a no Concise Statement at all. *Id.* at 686-87.

In the instant matter, *pro se* Appellant has raised a boilerplate claim that fails to identify any specific issues on appeal. Instead, the Appellant merely asserts that this Court erred in finding that his petition for review is frivolous and that as a result of prior rulings, this Court has a bias/prejudice against the Appellant. Because Appellant gave a boilerplate claim that failed to identify any specific issues on appeal, Appellant has waived any issues he may have had on appeal in this matter by failing to identify any specific issue on appeal. *See* Pa.R.A.P. 1925(b)(4); *Commonwealth v. Hansley*, 24 A. 3d 410, 415 (Pa. Super. 2011).

Memorandum Statement In Lieu Of Opinion: Supplement To Record, 6/19/17, at 1-2 (footnotes omitted).

After review, we agree with the trial court's conclusion. In his Pa.R.A.P. 1925(b) statement, Appellant baldly alleged trial court error, but

he failed to specify what error the court committed or how the court erred. Accordingly, Appellant's Pa.R.A.P. 1925(b) statement is "too vague to allow the court to identify the issues raised on appeal [and] is the functional equivalent of no concise statement at all." **_Commonwealth v. Hansley_**, 24 A.3d 410, 415 (Pa. Super. 2011). Therefore, Appellant has failed to preserve any issues for this Court to review. Having no issues to review, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/24/2018</u>