J-A02013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| XAVIER PHILLIP WYKOFF | : | |
| Appellant | : | No. 162 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000638-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| XAVIER PHILLIP WYKOFF | : | |
| Appellant | : | No. 163 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001848-2021

BEFORE:  BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                **FILED: April 28, 2023**

Appellant, Xavier Phillip Wykoff, appeals from the judgments of sentence entered October 25, 2021, as made final by the denial of his post-sentence motions on January 7, 2022.  We affirm Appellant's convictions together with the penalties of total confinement imposed by the trial court.  We vacate the imposition of a one-year term of reentry supervision at trial court docket number 638 of 2021.

The trial court summarized the facts and procedural history of this case as follows:

> [Appellant's first set of] convictions arose from [his] actions on January 27, 2021[,] at the 400 block of East 14th Street, in the City of Erie, Erie County, Pennsylvania[.] … According to the criminal complaint, at the time of arrest, Appellant, a paraplegic, while riding as a passenger in a vehicle[,] possessed the loaded Glock, an additional 35-round magazine, $2,225[.00] in various denominations consistent with narcotics distribution, and a clear knotted sandwich baggie containing 38 blue pills of suspected Oxycodone. The gun and baggie with the pills inside were located in Appellant's underwear. A subsequent search of the vehicle pursuant to a warrant led to the recovery of other drugs and drug-related contraband.
>
> [On April 29, 2021, at Erie County docket no. 638 of 2021, Appellant pled guilty as charged to Count One-Firearms Not To Be Carried Without A License (a loaded Glock 17), a third degree felony, and to Count Two-Possession With Intent to Deliver (Oxycodone), a felony.]
>
> As part of the plea, Appellant agreed to forfeit the $2,225.00 in cash, and the Commonwealth agreed it would not object to the imposition of concurrent sentences.
>
> ***
>
> At the conclusion of the April 29, 2021 plea hearing, the [trial c]ourt informed Appellant [that] his sentencing hearing was scheduled for July 6, 2021 at 9:00 a.m. in the same court room, and instructed Appellant he was to return for sentencing at that time.
>
> ***
>
> [Appellant's] second set of convictions arose from Appellant's activities on July 2, 2021, just four [] days before the July 6, 2021 sentencing hearing on Appellant's convictions at docket no. 638 of 2021. According to the criminal complaint, on July 2, 2021, Appellant was speeding through a residential area in the City of Erie[, Pennsylvania]. When the police signaled for Appellant to stop, Appellant pulled over, but then sped off again. A high-speed chase ensued, with Appellant's vehicle

- 2 -

reaching speeds of up to 50 to 70 miles per hour in a posted 25 mile-per-hour zone. During the chase, Appellant ran through two red traffic signals at the intersections of East 21st and Ash Streets and East 21[st] and Parade Streets. According to the [c]omplaint, only after a malfunction of a vehicle modification for Appellant's disability did Appellant finally stop. At the time of the traffic stop, Appellant possessed 45 blue Fentanyl pills hidden in a sock, [four] grams of suspected marijuana, $1,280.00 in cash and a fully loaded firearm later found to be reported as stolen.

[On October 21, 2021, at docket no. 1848 of 2021, Appellant pled guilty to fleeing or attempting to elude [a] police officer and possession with the intent to deliver (fentanyl).] Pursuant to the plea agreement at [docket] no. 1848 of 2021, the Commonwealth agreed to *nolle pross* the numerous remaining charges. Also, Appellant and the Commonwealth stipulated [that] the quantity of Fentanyl . . . was 4.84 grams; the [o]ffense [g]ravity [s]core was [10]; Appellant would pay lab fees of $176.00 to the Pennsylvania State Police; Appellant would forfeit the $1,280.00 in cash; and Appellant would pay costs.

\*\*\*

Due to the events of July 2, 2021 which led to the additional charges at docket no. 1848 of 2021, the parties agreed to continue the sentencing hearing originally scheduled for July 6, 2021 at docket no. 638 of 2021. Also, on July 13, 2021 the [trial c]ourt revoked Appellant's bond at docket no. 638 of 2021 upon motion of the Commonwealth. A combined sentencing hearing at both dockets was scheduled for October 25, 2021. Additional background concerning the events of July 2, 2021 (including the flight from the police and ensuing high-speed chase), as related by Assistant District Attorney Maskrey ["ADA Maskrey")] at the combined sentencing hearing held on October 25, 2021, [as follows]:

> [ADA Maskrey]: ... [O]n [July 2, 2021], just days before [Appellant] was supposed to be sentenced at docket [no.] 638 of 2021, he decides to flee from the officer during a multiple traffic stop, going over 70 miles per hour through the City of Erie, [Pennsylvania,] running stop signs as well as red lights.

He eventually pulls over. And after he pulls over, he is found to be in possession of another $1,280[.00] in cash and 45 of those pills - - the blue fentanyl pills - - that came back to 4.84 grams of fentanyl.

And when the officer asked him why he would run in that situation, he tells the officer, because I [am] going to jail on Tuesday, bro. That [is] his response.

Obviously, he has zero regard for the court system or the police officers in our [c]ounty, and the jobs they have to do. Because of what he did in this case, fleeing just days before [July 6, 2021,] the original scheduled sentencing [at docket no. 638 of 2021,] and saying he [is] going to jail. And it [is] beyond clear that he was continuing to sell fentanyl on our streets while awaiting sentencing at [] docket [no. 638 of 2021], as noticed by having 45 more fentanyl pills and another $1,280.00 in cash. So, complete disregard for the courts.

And I understand his situation, being handicapped, and what he has to go through with that, Judge. But that does not excuse any of his conduct in these cases.

[N.T.] Sentencing Hearing, 10/25/21, [at] 13 (emphasis [omitted]).

On October 25, 2021, Appellant was sentenced at both dockets to an aggregate of 60 months to 120 months ([five] to 10 years) of incarceration as follows.

\*\*\*

At Erie County docket no. 638 of 2021, Appellant was sentenced to an aggregate of 24 months to 48 months ([two] to [four] years) of incarceration:

Count One: Firearms Not to Be Carried Without A License[1] - 24 months to 48 months of incarceration.

---

[1] 18 Pa.C.S.A. § 6106 (a).

Count Two: Possession With Intent to Deliver (Oxycodone)[2] — [three] months to [six] months of incarceration, concurrent with Count One.

The sentences at Counts One and Two were at the low end of the standard range of the sentencing guidelines. The [trial c]ourt imposed the sentences to run concurrently, consistent with the stipulation at the plea hearing. Appellant was directed to pay lab fees and costs. … The Court ordered one-year mandatory reentry supervision in accordance with 61 Pa.C.S.A. § 6137.2.

At Erie County docket no. 1848 of 2021, Appellant was sentenced to an aggregate of 36 months to 72 months ([three] years to [six] years) of incarceration as follows:

Count One: Fleeing Or Attempting to Elude Police Officer[3] — [three] months to [six] months of incarceration.

Count Five: Possession With Intent To Deliver (Fentanyl)[4] — 36 months to 72 months of incarceration, concurrent with Count One.

The sentences at Counts One and Five were at the low end of the standard range of the guidelines, and the sentence at Count Five was imposed concurrent with Count One at [docket] no. 1848 of 2021. The [trial c]ourt specified the sentences at this docket were to run consecutive to the sentence imposed at Count One at docket [no.] 638 of 2021, for a total aggregate of [five] to 10 years of incarceration. The [trial c]ourt directed Appellant to pay lab fees and costs. At [docket no. 1848 of 2021] the sentencing order also reads the [trial c]ourt ordered another period of one-year mandatory reentry supervision in accordance with 61 Pa.C.S.A. § 6137.2.

Trial Court Opinion, 5/24/22, at 1-6 (internal citations, unnecessary capitalization and footnotes omitted) (footnotes added).

---

[2] 35 P.S. § 780-113(a)(30).

[3] 75 Pa.C.S.A. § 3733(a).

[4] 35 P.S. § 780-113(a)(30).

On November 1, 2021, Appellant's trial counsel filed a motion to withdraw as counsel, which the trial court granted that same day. Thereafter, Appellant's new counsel filed timely post-sentence motions at each trial court docket. The trial court denied Appellant's post-sentence motions on January 7, 2022. This timely appeal followed.[5]

Appellant raises the following issues on appeal:

1. Did the trial court impose a manifestly excessive sentence, in light of Appellant's paraplegia and attendant medical needs/safety concerns, where other sentencing options would still have ensured the protection of the public, held Appellant accountable, and provided for Appellant's rehabilitative needs?

2. Did the trial court err[] when it ordered Appellant to serve one-year of [reentry] supervision at each [trial court] docket?

Appellant's Brief at 10.

In his first issue, Appellant argues that the trial court imposed an "excessive and unreasonable" sentence. Appellant's Brief at 20. Before we may conduct a merits analysis of Appellant's discretionary sentencing challenge, we must determine whether he properly invoked this Court's jurisdiction. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017) ("Only if the appeal satisfies [a four-part test] may we proceed to decide the substantive merits of [an a]ppellant's claim.")

_____

[5] By *per curiam* order entered on March 4, 2022, this Court consolidated the appeals *sua sponte*.

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted).

Instantly, Appellant filed timely notices of appeal, properly preserved his claims by filing post-sentence motions at each trial court docket, and included a Rule 2119(f) statement in his brief. *See* Appellant's Brief at 18-21. Thus, we turn to whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id*. This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

- 7 -

Upon review, we conclude that Appellant failed to articulate a substantial question within his Rule 2119(f) statement. Rather, Appellant references each conviction at each docket, conceding that, in each instance, the trial court imposed a sentence within the standard range. Appellant's Brief at 18-20. Appellant nonetheless argues that "the length of the aggregate sentence is excessive and unreasonable, as is the place of confinement and/or the imposition of total confinement in light of Appellant's paraplegia and associated medical risks." *Id*. at 20. At no point does Appellant ever state, with specificity, a colorable claim alleging that his sentence is inconsistent with a provision of the Sentencing Code or a fundamental norm underlying the sentencing process. *See generally id*. at 18-20; *see also Commonwealth v. Crawford*, 257 A.3d 75, 79-80 (Pa. Super. 2021) (explaining that the Rule 2119(f) statement fails to raise a substantial question where it "fails to explain what portion of the Sentencing Code, if any, with which his sentence was inconsistent or how it ran contrary to fundamental sentencing norms.").

Ostensibly, Appellant's Rule 2119(f) statement implies that the trial court failed to adequately consider mitigating factors, disabilities, or rehabilitation needs in imposing Appellant's sentence. *See* Appellant's Brief at 20 (claiming that, in light of Appellant's physical condition, this Court should "vacate [his] sentence and remand to the trial court with instructions" that "application of the [sentencing guidelines] is clearly unreasonable"). Our case law is clear, however, that claims of inadequate consideration of mitigating factors do not raise a substantial question. *See Crawford*, 257 A.3d at 79;

*see also Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). As Appellant did not raise a substantial question, we will not review the merits of his discretionary sentencing claim.

Next, Appellant challenges the legality of his sentence.[6] Appellant's Brief at 26-30. Specifically, Appellant asserts that "the trial court lacked the authority to impose one-year of [reentry] supervision at each of the [trial court] dockets" because "the sentences only exceeded the minimum of four years when aggregated." *Id.* at 27. Appellant requests this Court to "vacate the imposition of the one-year of [reentry] supervision at [d]ocket [n]o. 638 of 2021 as an illegal sentence." *Id.* at 30.

The relevant standard and scope of review are as follows:

[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in

---

[6] Herein, Appellant argues that the trial court imposed an illegal sentence when it ordered one-year reentry supervision at each trial court docket. Appellant did not raise this issue in his post-sentence motions. In general, issues not properly raised and preserved before the trial court "are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "A challenge that implicates the legality of an appellant's sentence, however, is an exception to this issue preservation requirement." *Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022). "Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may [even] raise and address such an issue *sua sponte*." *Id.*, *Commonwealth v. Hill*, 238 A.3d 399, 407 (Pa. 2020). Hence, because Appellant challenges the legality of his sentence, his failure to raise the claim by way of a post-sentence motion does not preclude our review.

cases dealing with questions of law is plenary.  This case will also necessarily call upon us to engage in statutory construction, which similarly presents a pure question of law and also implicates the legality of [the] sentence.  Thus, our standard of review is *de novo* and our scope of review is plenary*.*

***Commonwealth v. Hunt***, 220 A.3d 582, 585 (Pa. Super. 2019) (internal citations and quotation marks omitted).

Section 6137.2 provides, in relevant part, as follows:

### § 6137.2. Reentry supervision

(a) General rule.—This section applies to persons committed to the department with an aggregate minimum sentence of total confinement under 42 Pa.C.S. § 9756(b) (relating to sentence of total confinement) of 4 years or more.  Regardless of the sentence imposed, this section does not apply to persons sentenced to death, life imprisonment, persons otherwise ineligible for parole or persons subject to 42 Pa.C.S. § 9718.5 (relating to mandatory period of probation for certain sexual offenders).

(b) Reentry supervision.—Any person under subsection (a) shall be sentenced to a period of reentry supervision of 12 months consecutive to and in addition to any other lawful sentence issued by the court.

61 Pa.C.S.A. § 6137.2(a)-(b).

The Sentencing Guidelines also outline the criteria for imposing reentry supervision.  Section 303.12 provides, in relevant part, as follows:

(f) Reentry Programs

\*\*\*

(2) State Reentry Supervision (as provided in 61 Pa.C.S. § 6137.2)

(i) Requirement that applies to persons committed to the Department of Corrections with an aggregate minimum sentence of total confinement of four years or more.

(ii) At the time of sentencing, a period of reentry supervision of 12 months shall be imposed consecutive to and in addition to any other lawful sentence issued by the court.

(iii) The Court may impose the period of reentry supervision required in addition to the maximum sentence permitted for the offense for which the person was convicted.

(iv) Persons who have been granted any period of parole during the same period of incarceration shall be deemed to have served the reentry supervision requirement.

204 Pa. Code § 303.12(f)(2)(i)-(iv). Therefore, pursuant to the plain language of both Section 6137.2(a) and Section 303.12(f)(2)(i)-(iv), if an individual is sentenced to total confinement and his aggregate minimum sentence is for a period of at least four years, a sentencing court is required to impose a period of one-year reentry supervision. *See Brown v. Levy*, 73 A.3d 514, 517 (Pa. 2013) ("When interpreting an unambiguous statute, such as the one at issue, the plain meaning of the statute must control.").

In this instance, at docket no. 638 of 2021, the trial court sentenced Appellant to an aggregate term of two to four years' incarceration. In addition, at docket no. 1848 of 2021, the trial court sentenced Appellant to an aggregate term of three to six years' incarceration. Hence, neither docket, alone, reflected an aggregate minimum sentence of four years. Thus, the trial

court lacked authority to order a one-year period of reentry supervision at both docket no. 638 of 2021 and docket no. 1848 of 2021.

Importantly, the trial court agreed with Appellant's contention that the imposition of reentry supervision at both dockets was improper. In its 1925(a) Opinion, the trial court stated:

> At sentencing on October 25, 2021, the following exchange occurred between the Probation/Parole Officer and the [trial c]ourt:
>
>> [Probation/Parole Officer]:. ... And the last thing I would say is because the minimum is more than four years, we would ask for that one year [reentry] supervision.
>>
>> The [trial court]: Right. He would have to.
>
> [N.T.] Sentencing Hearing, 10/25/21, [at] 19.
>
> The record reflects the Probation/Parole Officer requested one year of [reentry] supervision (rather than two years of [reentry] supervision) pursuant to 61 Pa.C.S.A. § 6137.2(a), since the combined aggregate minimum at both dockets exceeded the four-year minimum requirement of total confinement under 42 Pa.C.S.A. § 9756(b).
>
> It was the [trial c]ourt's intention to impose a combined/aggregate minimum sentence at both dockets of five years. This is apparent by the [trial c]ourt's directives: 1) the sentence at [docket] no. 638 of 2021 was to aggregate with the sentence imposed at [d]ocket [n]o. 1848 of 2021 for a total aggregate sentence of [five] to 10 years of incarceration, and 2) the sentences at [docket] no. 1848 of 2021 were to run consecutive to the sentence imposed at Count One at docket [no.] 638 of 2021, for a total aggregate of [five] to 10 years of incarceration. *See* Sentencing Order of October 25, 2021 at Erie County Docket No. 1848-2021; [*see* N.T.] Sentencing Hearing, 10/25/21, [at] 16-17. At sentencing, the Court stated:
>
>> [The trial court]: ... [docket no.] 1848 of 2021, as a whole, will run consecutive to [docket no.] 638 of 2021. And any

- 12 -

> special conditions that were applied to [docket no.] 638 [of 2021] also are attached to [docket no.] 1848 [of 2021].
>
> This is an aggregate sentence of five to ten years. I think it [is] justified, concerning the fact of this case, and despite the problems the [Appellant] has had[.]

[N.T.] Sentencing Hearing, 10/25/21, [at] 16-17.

> Through inadvertent error, each sentencing order directs one year of [reentry] supervision. The record should be corrected to reflect the period of [reentry] supervision only applies to docket no. 1848 of 2021, because the Court directed the sentence at [docket] no. 1848 of 2021 is consecutive to docket no. 638 of 2021, bringing the aggregate minimum sentence of total confinement to five years.

Trial Court Opinion, 5/24/22, at 13-14 (unnecessary capitulation omitted).

Based upon the foregoing, we conclude that the trial court imposed an illegal sentence under Section 6137.2. We therefore vacate that aspect of Appellant's judgment of sentence that imposes a one-year term of reentry supervision at trial court docket no. 638 of 2021. In all other respects, we affirm.

Judgment of sentence affirmed, in part, and vacated, in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2023