**Elbert WELCH, Plaintiff–Appellant,**

v.

**Jim GALIE, et al., Defendants–Appellees.**

**Docket No. 99–0229**

United States Court of Appeals, Second Circuit.

Submitted: March 15, 2000.

Decided: March 16, 2000.

Elbert Welch, Pro Se, Lockport, NY, for Plaintiff–Appellant.

Eliot Spitzer, Attorney General of the State of New York (Martin A. Hotvet, Assistant Attorney General of the State of New York, on the brief), for Defendants–Appellees.

Before: CABRANES, STRAUB, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Plaintiff Elbert Welch moves for *in forma pauperis* status and assignment of counsel in his appeal from a judgment of the United States District Court for the

Northern District of New York (Thomas J. McAvoy, Chief Judge) dismissing his civil complaint pursuant to 28 U.S.C. § 1915(g).[1] The issue presented by his motion, as a matter of first impression for this Court, is whether a lawsuit that was dismissed prior to enactment of § 1915(g) may nevertheless be counted for the purposes of determining whether the provision applies. We hold that such a lawsuit may be counted and therefore deny plaintiff's motion and dismiss his appeal as frivolous.

## BACKGROUND

In September 1997, Welch filed a complaint, *in forma pauperis,* pursuant to 42 U.S.C. §§ 1983 and 1985, against thirty-four police detectives, parole officials, judges, and corrections officers, as well as the director of the Federal Bureau of Investigation and U.S. Attorney General Janet Reno. *See* ROA doc. 1. He alleged that defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights based on their actions surrounding his allegedly illegal arrest, prosecution, and incarceration on drug charges as well as the revocation of his prior parole. Specifically, Welch claimed that the police framed him, that he was denied due process at his subsequent parole revocation hearing, and that the state judges dismissed his habeas petitions in violation of his rights to due process and access to court. Welch also contended that the corrections officials were engaged in a twenty-year conspiracy to violate his right to access to court and to injure or kill him.

Several defendants filed motions pursuant to FED.R.CIV.P. 12(b)(6), arguing, *inter*

*alia,* that Welch's case should be dismissed pursuant to 28 U.S.C. § 1915(g) because at least three cases brought by him previously had been dismissed as frivolous. Invoking an exception to dismissal under § 1915(g), Welch responded that the corrections officials were physically harming him as part of the conspiracy and that he was in "imminent danger."

The District Court, adopting a magistrate judge's recommendation, construed the defendants' motions to dismiss as summary judgment motions and granted them. The District Court held that dismissal was warranted based on the fact that Welch had accumulated "three strikes," as defined in § 1915(g), because at least three of his prior federal suits had been dismissed as frivolous. The Court also found that Welch was not in "imminent danger" within the meaning of § 1915(g) so as to justify allowing the suit to proceed without payment of the filing fee. The District Court ordered Welch to pay the filing fee in full within thirty days lest his case be dismissed. When Welch failed to pay the fee, the Court entered judgment against him.[2] Thereafter, Welch brought this appeal and moved for *in forma pauperis* status and appointment of counsel. He argues that he is in "imminent danger" based on corrections officials' alleged denial of medical treatment to him.

## DISCUSSION

Section 1915(g), enacted as part of the Prison Litigation Reform Act, Pub.L. No. 104–134, § 804(d), 110 Stat. 1321 (1996), provides in pertinent part that a prisoner cannot

1. Section 1915(g) provides:
   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

   which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2. Following entry of judgment, Welch moved for reconsideration and for an order enjoining the parole division from holding parole revocation proceedings with respect to him. The District Court denied both motions.

bring a civil action ... or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The only exception to payment of the filing fee when those circumstances are met is if the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three prior lawsuits brought by Welch were dismissed for frivolousness or failure to state a claim, although one of those dismissals occurred before the enactment of § 1915(g). We have not previously addressed whether pre-§ 1915(g) dismissals count toward an inmate's "three strikes" and, if so, whether such application is constitutional. However, many of our sister circuits have addressed these issues and have held that the provision does apply to pre-enactment filings and that such application is constitutional. *See Rivera v. Allin,* 144 F.3d 719, 730 (11th Cir.), *cert. dismissed,* 524 U.S. 978, 119 S.Ct. 27, 141 L.Ed.2d 787 (1998); *Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir. 1998), *cert. denied,* 525 U.S. 1139, 119 S.Ct. 1028, 143 L.Ed.2d 38 (1999); *Patton v. Jefferson Correctional Ctr.,* 136 F.3d 458, 462 (5th Cir.1998); *Tierney v. Kupers,* 128 F.3d 1310, 1311–12 (9th Cir.1997); *Keener v. Pennsylvania Bd. of Probation & Parole,* 128 F.3d 143, 144–45 (3d Cir.1997) (per curiam); *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir.1996); *Green v. Nottingham,* 90 F.3d 415, 420 (10th Cir. 1996). We agree with our sister circuits' analyses and, accordingly, join those circuits in holding that pre-§ 1915(g) dismissals for frivolousness, maliciousness, or failure to state a claim count as "strikes" for purposes of § 1915(g). *See, e.g., Green,* 90

F.3d at 420 ("Section 1915(g) does not change the merits of the prisoner's underlying action; it only affects the prisoner's ability to file the action *in forma pauperis.* The provision [also] does not change the legal consequences of prisoner actions dismissed before the statute's enactment.... Application of § 1915(g) to prisoner suits dismissed prior to the statute's enactment thus does not raise concerns of statutory retroactivity because the provision does not have a 'retroactive effect.' "). In light of this holding, and our judgment that Welch's claim to fall within the "imminent danger" exception to § 1915(g) is meritless, we conclude that the District Court properly dismissed Welch's complaint.[3]

## CONCLUSION

For the reasons stated above, we hold that a lawsuit dismissed prior to enactment of 28 U.S.C. § 1915(g) may nevertheless be counted for the purposes of determining whether that provision applies. Accordingly, we deny plaintiff's motion to proceed *in forma pauperis* and for appointment of counsel and dismiss his appeal as frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (holding that an action is frivolous when it is based on an indisputably meritless legal theory or presents factual contentions that are clearly baseless); *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 173 (2d Cir.1989) (per curiam) (stating that this Court may appoint counsel for an indigent litigant upon a showing that the appeal has "likely merit").

---

**3.** To the extent that plaintiff appeals from the denial of his motion for an order enjoining the parole division, his appeal is plainly meritless. Welch's parole revocation proceedings had been concluded by the time he filed his motion.