**Alton D. BROWN, Appellant,**

v.

**Thomas L. JAMES.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 7, 2003.

Decided April 23, 2003.

Alton D. Brown, appellant, pro se.

Michael J. McGovern, Camp Hill, for appellee.

BEFORE: PELLEGRINI, Judge, COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Alton D. Brown, a prisoner proceeding *pro se*, appeals from the May 15, 2002 order of the Court of Common Pleas of Allegheny County (trial court) that denied, pursuant to Section 6602(f)(1) of the Judicial Code (Code), 42 Pa.C.S. § 6602(f)(1), Brown's request for leave to proceed *in forma pauperis* on his petition for writ of mandamus. Section 6602(f)(1), also known as the "three strikes" rule, authorizes the trial court to dismiss prison condition litigation brought by a "frequent filer" prisoner if the prisoner has filed previous "prison conditions litigation" and three or more of those actions have been dismissed pursuant to Section 6602(e)(2) of the Code, 42 Pa.C.S. § 6602(e)(2). That section provides that prison litigation may be dismissed if frivolous, if it fails to state a claim upon which relief may be granted or if the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude relief. For the reasons that follow, we affirm the order of the trial court.

On March 18, 2002, Brown filed in our original jurisdiction a petition for writ of mandamus seeking to compel Thomas L. James (Respondent), Chief Grievance Coordinator for the Department of Corrections (DOC), to respond to several grievances filed by Brown. Those grievances included, *inter alia*, allegations that Brown

was denied access to papers, magazines and photo-copying services by the staff at SCI–Pittsburgh. On April 10, 2002, this Court entered an order transferring the matter to the trial court on the ground that the Court lacked jurisdiction because Brown failed to name either the Commonwealth government or an officer thereof as a respondent.

On May 7, 2002, Brown's petition for writ of mandamus was filed in the trial court. On May 15, 2002, the trial court entered an order denying Brown's petition to proceed *in forma pauperis* pursuant to Section 6602(f)(1) of the Code. Brown appealed to the Superior Court, which, by order dated August 30, 2002, *sua sponte* transferred Brown's appeal to this Court.[1]

Brown presents three issues for our review: (1) whether the trial court erred in denying Brown leave to proceed *in forma pauperis* on the ground that he failed to state a claim upon which relief can be granted; (2) whether a habeas corpus action counts as a strike pursuant to Section 6602(f)(1) of the Code; and (3) whether the trial court erred in denying Brown leave to proceed *in forma pauperis* under Section 6602(f)(1) while the three prior actions the court cited as previous prison litigation dismissals are allegedly pending on appeal.

■ Brown's first argument is that the trial court erred in denying his petition for leave to proceed *in forma pauperis* on the ground that he failed to state a claim upon which relief can be granted in his petition for writ of mandamus. However, inasmuch as the trial court did not address the merits of Brown's mandamus petition in its May 15, 2002 order dismissing Brown's petition under Section 6602(f)(1) of the Code, it is beyond the scope of this appeal.

Rather, our inquiry in the present case is limited to whether the trial court properly denied Brown's petition for leave to proceed *in forma pauperis* under Section 6602(f)(1). In *Payne v. Department of Corrections*, 813 A.2d 918, 928 (Pa.Cmwlth. 2002), this Court, in upholding the constitutionality of Section 6602(f)(1), recognized that "the three strikes provision is analogous to a jurisdictional hurdle that one seeking in forma pauperis status in a prison conditions litigation case needs to overcome."

Specifically, Section 6602(f)(1) provides that if a prisoner "has previously filed prison conditions litigation and: (1) three or more of these prior civil actions have been dismissed pursuant to subsection (3)(2)[2] . . . ." 42 Pa.C.S. § 6602(f)(1) (foot-

---

1. Meanwhile, Brown filed a petition for reconsideration, which the trial court denied in its June 24, 2002 order, wherein the trial court noted:

   In the Petition for Mandamus, Petitioner in paragraph # 4 indicates that he seeks documents "for litigation" other than this case. In paragraph[s] # 5–16, Petitioner avers that his alleged harm results from the penal institutions purported failure to process his formal grievances in a timely fashion. Prison officials must be give[n] broad deference with regard to the regular administration of policies and procedures, and judicial inquiry is limited to claims alleging violations of constitutional rights. Furthermore, employees of Commonwealth agencies are immune from lawsuits when acting within the scope of their employment, absent a violation of the Sovereign Immunity Act. (Citations omitted.)

   The trial court then dismissed Brown's petition to proceed *in forma pauperis* under Section 6602(e)(2) of the Code on the ground that he failed to state a claim upon which relief could be granted. Brown again filed a motion for reconsideration, which was denied by the trial court by order dated August 7, 2002.

2. Section 6602(e) of the Code, 42 Pa.C.S. § 6602(e), provides in pertinent part:

   **Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service

note added), a finding of *abusive litigation* is warranted.

Section 6601 of the Code, 42 Pa.C.S. § 6601, defines "prison conditions litigation as:

A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

In its May 15, 2002 order, the trial court cited the following three civil actions which have been dismissed by the Court of Common Pleas of Allegheny County:

*Alton D. Brown v. Heath B. Ashmun* (AR 01–007676)

*Alton D. Brown v. Phillip L. Johnson* (GD 02–4891)

*Alton D. Brown v. Jeffrey A. Beard and Phillip L. Jackson* (GD 02–9575)

Brown, however, contends that *Brown v. Beard et al.* (GD 02–9575) is a habeas corpus action and, therefore, that it does not count as a "strike" for purposes of Section 6602(f)(1) of the Code. Furthermore, Brown contends that the three dismissed cases listed by the trial court are still pending on appeal.

In response to Brown's arguments, Respondent asserts that Brown has presented no evidence to substantiate that *Brown v. Beard et al.* is in fact a habeas corpus action or whether petitions for allowance of appeal remain pending in the three cases. Inasmuch as Brown has failed to

establish that *Brown v. Johnson*, (GD 02–4891) is a habeas corpus action as defined in Section 6601 of the Code or whether appeals remain pending in either *Johnson* or *Brown v. Beard et al.*, he has failed to establish that the trial court erred in counting *Johnson* and *Beard* as "strikes" for purposes of Section 6602(f)(1) of the Code.

With regard to *Alton D. Brown v. Heath B. Ashmun* (AR 01–007676), Respondent has attached to his brief the Supreme Court's docket entries in that case. They reflect that the Court filed an order denying petition for allowance of appeal on September 30, 1992.

[2] Even assuming *arguendo* that *Johnson* and *Beard* could not be counted as strikes for the reasons alleged by Brown, we nevertheless agree with Respondent's position that Brown's petition may be dismissed under Section 6602(f)(1) based upon other strikes he has received, which include the following:

(1) *Alton D. Brown v. Martin F. Horn,* (Pa.Cmwlth. No. 681 M.D.1999, filed December 8, 1999)

(2) *Brown v. Brierton,* No. 91–CV–471 (M.D. Fla., filed June 10, 1991)

(3) *Brown v. Brierton,* No. 92–2030 (11th Cir., filed January 10, 1992)

(4) *Brown v. Fed. Labs., Inc.,* No. 89–507 (M.D. Fla., filed June 15, 1989)

In *Brown v. Blaine,* Civil Action No. 01–21–80, (W.D. Pa., filed February 26, 2002), the United States District Court for the Western District of Pennsylvania denied Brown's request to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the federal "three strikes" rule. *See* Respondent's

---

on the defendant, if the court determines any of the following:

. . . .

(2) The prison conditions litigation is frivolous or malicious or fails to state a

claim upon which relief could be granted or the defendant is entitled to assert a valid defense, including immunity, which, if asserted, would preclude the relief.

Brief, Ex. D. In that case, the Court cited *Brown v. Brierton,* No. 91–CV–471 (M.D. Fla., filed June 10, 1991), *Brown v. Brierton,* No. 92–2030 (11th Cir., filed January 10, 1992) and *Brown v. Fed. Labs., Inc.,* No. 89–507 (M.D. Fla., filed June 15, 1989) as either frivolous, totally lacking in merit or abusive of the judicial process.[3]

In addition, *Brown v. Horn,* (Pa. Cmwlth. No. 681 M.D.1999, filed December 8, 1999), this Court, *per curiam,* dismissed Brown's petition for *in forma pauperis* status to challenge his placement in the general prison population. *See* Respondent's Brief, Ex. C. Specifically, the Court concluded that Brown had failed to state a cognizable cause of action and dismissed his appeal under Section 6602(e)(2) of the Code.

■ As defined in Section 6601 of the Code, "prison conditions litigation" includes civil proceedings arising "in whole or in part under *Federal or State* law with respect to the conditions of confinement...." 42 Pa.C.S. § 6601 (emphasis added). Consequently, the four alternative cases cited by Respondent are sufficient to establish that Brown has violated the "three strikes" rule in Section 6602(f)(1). "We may affirm a trial court determination under a different rationale, where the result is correct and the basis on which we affirm is clear on the record." *Rabenold v. Zoning Hearing Bd. of the Borough of Palmerton,* 777 A.2d 1257, 1263 n. 7 (Pa.Cmwlth.2001). Accordingly, we so affirm.

---

**3.** In *Welch v. Galie,* 207 F.3d 130 (2nd Cir. 2000), the Second Circuit Court of Appeals determined that pre-Section 1915(g) dismissals still count as "strikes" because they do not affect the prisoner's right to file an action, but rather merely affects the prisoner's ability to file the action *in forma pauperis.* The *Welch* Court further noted that Section 1915(g) does not change the consequences of prisoner actions dismissed before its enactment and, therefore, that it did not raise concerns of statutory retroactivity because it had no retroactive effect. We find the rationale in *Welch* to be persuasive as to permitting prison litigation actions dismissed prior to the enactment of Section 6602(f)(1) of the Code as "strikes" for purposes of that provision.

*ORDER*

AND NOW, this 23rd day of April, 2003, the May 15, 2002 order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.