# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                    :
                    Appellant     :
                                   :
        v.                         :    No. 566 C.D. 2017
                                   :    Submitted: November 17, 2017
Tom Wolf, Deputy Dialesandro,      :
Robert Gilmore, Kyle Guth, B.      :
Jordan, AJ Morris, Captain Schrader, :
Tracy Shawley, Lieutenant Stickles, :
Farley Toothman, Sergeant Trout,   :
Irma Vihlidal, John Wetzel, Susan K. :
White, Sherry Wise and Mike Zaren  :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**              **FILED: January 16, 2018**


        Alton D. Brown (Brown), a well-known inmate at the State Correctional Institution at Greene, representing himself, appeals from the Court of Common Pleas of Dauphin County's (trial court) order granting the Department of Corrections' (DOC) motion to revoke his *in forma pauperis* (IFP) status. Brown argues the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. §§6601-6608, does not preclude his claims against Greene County Court of Common Pleas staff or a judge (collectively, Greene County CCP Appellees).[1] Presuming the PLRA applies, he asserts the trial court disregarded his imminent danger claims. He also contends the trial court's failure to hold a hearing violated his due process rights. Discerning no error below, we affirm.

_____

[1] Brown's complaint names Greene County Court of Common Pleas Prothonotary Susan K. White, Clerk of Courts Sherry Wise, and President Judge Farley Toothman as defendants.

# I. Background

The only issue before this Court is the revocation of Brown's IFP status. We review the relevant procedural history briefly.

Brown filed a mandamus suit against multiple defendants asserting various violations of constitutional rights, retaliation and, as to the Greene County CCP Appellees, denial of access to the courts. In addition to Greene County CCP Appellees, the defendants include the Secretary of DOC John Wetzel and various DOC staff (collectively, DOC Appellees), and Governor Tom Wolf (Governor). Brown also filed an IFP application, which the trial court granted. Subsequently, Brown filed a petition for preliminary injunction pertaining primarily to DOC Appellees. As to the remaining appellees, he sought to enjoin retaliation.

DOC Appellees sought revocation of Brown's IFP status under Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f), based on his record of filing numerous frivolous lawsuits. They also filed a motion to stay the proceedings pending disposition of the motion.

In response, Brown filed a motion to strike, asserting he filed his preliminary injunction petition in order to stop DOC Appellees' "attacks and abuse." Certified Record (C.R.), at Item No. 40 (Motion to Strike) at 2. He claimed "the complaint clearly reflects [his] intentions of proceeding under the imminent danger exception to the three-strike rule [in Section 6602(f) of the PLRA]." Id. He contended his credible allegations regarding imminent danger in his preliminary injunction petition precluded dismissal. Specifically, he alleged he was diagnosed with cancer,

2

and all named respondents refused to allow him access to the information necessary for making an informed treatment decision.  C.R., Item No. 4 (Petition).

Subsequently, the Governor filed a motion to dismiss the complaint under Section 6602(e)(2) and (f) of the PLRA, 42 Pa. C.S. §6602(e)(2) and (f), and Pennsylvania Rule of Civil Procedure No. 233.1.  He asked the trial court to dismiss the suit, arguing it violated the three-strikes provision of Section 6602(f)(1) of the PLRA, 42 Pa. C.S. §6602(f)(1).

The trial court granted DOC's motion to revoke Brown's IFP status.  It also granted a motion to stay proceedings pending the Governor's motion to dismiss. Brown filed a motion for reconsideration, which the trial court denied.

Brown appealed the trial court's order revoking his IFP status.  Upon learning of Brown's appeal, the trial court issued an opinion in support of its order. See Tr. Ct., Slip Op., 6/12/17 (reasoning Brown was an abusive litigator).

This Court denied Brown's applications for special relief, and for an injunction pending appeal.  The matter is briefed[2] and ready for disposition.

---

[2] Appellees filed numerous briefs through their respective counsel.  Governor Tom Wolf is represented by the Attorney General, whereas Secretary John Wetzel and Department of Corrections (DOC) employees are represented by DOC counsel.  Of the Greene County CCP Appellees, President Judge Toothman is represented by the Administrative Office of the Pennsylvania Courts, and Prothonotary White and Clerk of Courts Wise are represented with private counsel through Greene County's insurance carrier.

## II. Discussion

On appeal,[3] Brown argues his claim against the Greene County CCP Appellees does not qualify as prison conditions litigation. As a result, he asserts Section 6602 of the PLRA does not apply to those claims. Regardless, he maintains the three-strikes rule in Section 6602(f) of the PLRA does not constitute grounds to revoke his IFP status because his medical conditions put him in imminent danger. He contends the trial court erred by disregarding his imminent danger allegations. He also challenges the trial court's refusal to provide a hearing on due process grounds.

The trial court's order revoked Brown's IFP status; it did not address the merits. Accordingly, the merits are beyond the scope of this appeal. Brown v. James, 822 A.2d 128 (Pa. Cmwlth. 2003).

## A. PLRA

The PLRA provides rules for IFP status in matters concerning prison conditions litigation. Payne v. Dep't of Corr., 813 A.2d 918 (Pa. Cmwlth. 2002) (en banc). "Pursuant to Section 6602(f) of the PLRA, [42 Pa. C.S. §6602(f),] a prisoner becomes an abusive litigator and 'loses the opportunity to proceed [IFP] after he files three prison condition lawsuits that are dismissed as frivolous.'" Brown v. Beard, 11 A.3d 578, 580 (Pa. Cmwlth. 2010) (emphasis added) (quoting Jae v. Good, 946 A.2d 802, 807 (Pa. Cmwlth.), appeal denied, 959 A.2d 930 (Pa. 2008)). This is commonly referred to as the "three-strikes" rule. Id.

---

[3] "Our review of the trial court's decision is limited to a determination of whether constitutional rights were violated, or whether the trial court abused its discretion or committed an error of law." Brown v. Beard, 11 A.3d 578, 582 n.5 (Pa. Cmwlth. 2010).

4

This Court recognizes the "three[-]strikes [rule] is analogous to a jurisdictional hurdle that one seeking [IFP] status in a prison conditions litigation needs to overcome." Payne, 813 A.2d at 928. Although the PLRA does not expressly provide for the revocation of IFP status, this Court holds that IFP status may be revoked when a prisoner becomes an abusive litigator under Section 6602(f). Brown v. Beard; see, e.g., Brown v. Blaine (Pa. Cmwlth., No. 863 C.D. 2012, filed April 18, 2013), 2013 WL 3973380 (unreported) (affirming trial court's revocation of IFP status under three-strikes rule of the PLRA).

However, a prisoner deemed an abusive litigator may escape dismissal if he files a request for preliminary injunctive relief that contains "a credible allegation" that he "is in imminent danger of serious bodily injury." Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f) (emphasis added).

### 1. Prison Conditions Litigation

First, we address Brown's challenge to the application of the PLRA when his mandamus complaint includes counts against the Greene County CCP Appellees.

Section 6601 of the PLRA defines "prison conditions litigation" as:

A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or *habeas corpus* proceedings challenging the fact of confinement in prison.

42 Pa. C.S. §6601 (emphasis added). Brown is a prisoner, and his mandamus complaint is a civil proceeding that relates to the alleged actions of government officials relative to his confinement in prison. 42 Pa. C.S. §6601; see Brown v. Dep't of Corr., 913 A.2d 301 (Pa. Cmwlth. 2006), appeal denied, 918 A.2d 748 (Pa. 2007).

In Brown v. Levy, 73 A.3d 514 (Pa. 2013), our Supreme Court considered Brown's prior challenge to the application of the PLRA when he sued the Prothonotary of Montgomery County. The Court reasoned that judicial staff and officers are government officials within the meaning of Section 6601 of the PLRA. Therefore, the Greene County CCP Appellees are officials comprised within that provision. Id.

Further, Brown averred that the Greene County CCP Appellees' alleged actions affected his life while confined. He complained that their actions protect DOC staff, "which has allowed them to intensify their attacks." Compl. at ¶10. Thus, their actions affect conditions of his confinement. Because this appeal qualifies as prison conditions litigation, the PLRA and its three-strikes rule applies.

**2. Abusive Litigator**

A prisoner who is deemed an abusive litigator under Section 6602(f) of the PLRA loses the opportunity to proceed IFP after he files three frivolous prison conditions lawsuits. Appellate courts recognize that Brown's record of filing frivolous lawsuits is well-established. See, e.g., Brown v. James, 822 A.2d 128, 131 (Pa. Cmwlth. 2003) (in 2003, concluding Brown accumulated "three strikes" under Section 6602(e)(2) of the PLRA, 42 Pa. C.S. §6602(e)(2), such that his civil actions were subject to dismissal under Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f)).

In 2010, this Court recognized Brown's well-established status as an abusive litigator. See Brown v. Beard, 11 A.3d 578, 580–81 (Pa. Cmwlth. 2010) (citing Brown v. Levy, 993 A.2d 364 (Pa. Cmwlth. 2010)) ("[Brown] has already exhausted his 'three strikes.'"); Brown v. Dep't of Corr., 913 A.2d at 306 ("Brown is a well-qualified abusive litigator within the meaning of the PLRA."); Brown v. James, 822 A.2d 128 (Pa. Cmwlth. 2003), appeal denied, 848 A.2d 930 (Pa. 2004) (listing state and federal suits Brown filed which have been dismissed as frivolous).

In 2013, our Supreme Court characterized Brown as "a frequent filer of frivolous litigation in the Commonwealth and federal courts." Brown v. Levy, 73 A.3d at 515. Since then, Brown filed additional prison conditions litigation. See, e.g., Brown v. Wetzel (Pa. Cmwlth., No. 318 M.D. 2015, filed September 9, 2016) (unreported), 2016 WL 4709887 (dismissing mandamus complaint in 2016); Brown v. Blaine (affirming revocation of IFP status in 2015).

Because Brown epitomizes the abusive litigator with more than three strikes against him, he can avoid dismissal of his complaint only if he has made "a credible allegation that [he] is in imminent danger of serious bodily injury" in seeking injunctive relief. 42 Pa. C.S. §6602(f).

### 3. Imminent Danger

Brown claims he is eligible for the safe harbor provision in Section 6602(f) of the PLRA because he is in imminent danger of serious bodily harm. Specifically, he claims "irreparable harm will likely occur if the cancer is allowed to spread beyond the prostate." C.R., Item No. 4, Pet. at ¶3.

7

Our Supreme Court explained "imminent danger" as follows: "To be imminent, the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." Com. v. Capitolo, 498 A.2d 806, 809 (Pa. 1985) (emphasis added). Brown does not allege any imminent danger under this standard. Lopez v. Haywood, 41 A.3d 184, 189 (Pa. Cmwlth. 2012).

Brown's allegations "do not rise to the level of credible allegations that [he] is in imminent danger of serious bodily injury" so as to preclude application of the three-strikes rule. Id.

Brown cites no authority for the proposition that a long-standing illness constitutes imminent harm under the three-strikes provision. Indeed, this Court previously rejected the same argument when Brown raised it in 2010. See Brown v. Beard.

In Beard, decided almost 8 years ago, we emphasized that Brown "unsuccessfully attempted a similar argument in federal court on at least two occasions." Id. at 581-82 (citing Brown v. Beard, No. 08–0743, 2010 WL 1257967, 2010 U.S. Dist. LEXIS 28352 (E.D. Pa., March 25, 2010) (holding that potential health risks from aggravation of Brown's Hepatitis C and Post-traumatic Stress Disorder were not imminent); Brown v. Beard, 492 F.Supp.2d 474, 479 (E.D. Pa. 2007) ("[I]f Brown has certain conditions that place him at risk of heart disease, that does not mean heart disease is 'impending' or about to 'occur at any moment.'")).

8

That Brown made these same arguments predicated on his various medical conditions since 2010 belies their purported "imminence." We continue to find his argument as to the potential spread of his medical conditions unavailing.

Since deciding Beard, we held that complaints as to medical conditions require more than mere allegations to qualify as "credible" under the PLRA. Brown v. Dep't of Corr., 58 A.3d 118 (Pa. Cmwlth. 2012). We emphasized that Brown must "substantiate his averments with some form of evidence extrinsic to the complaint itself, such as medical documentation." Id. at 123.

Here, Brown did not make credible allegations that would preclude application of the three-strikes rule in Section 6602(f) of the PLRA. Nor did he substantiate his alleged medical conditions underlying his imminent danger claim. Therefore, the trial court did not err or abuse its discretion when it revoked his IFP status on that basis.

## B. Due Process

Lastly, we consider Brown's contention that the trial court denied him due process when it did not hold a hearing.

Constitutional due process provides that the government may not "deprive any person of life, liberty or property, without due process of law." U.S. CONST., amend. XIV; see also id., amend. V; PA. CONST. art. 1, §1. In the instant case, Brown identifies no deprivation of life, liberty or property that warranted a hearing.

9

It bears emphasizing that the refusal to allow an inmate to proceed with IFP status does not deny access to the courts. Brown v. Dep't of Corr. (explaining that refusal to proceed IFP does not deny access to the courts under the due process clauses of the U.S. and the Pennsylvania Constitutions). Brown was permitted to file his mandamus action, and thus was not denied access to the courts.[4]

Moreover, Brown claims he "clearly[,] adequately alleged imminent danger of serious physical injury in the Complaint." Appellant's Br. at 6 (emphasis in original). Thus, a hearing was not necessary. Further, we are unaware of any authority for the proposition that IFP status may not be revoked without a hearing, and Brown cites none.

### III. Conclusion

For the foregoing reasons, we affirm the trial court's order.

ROBERT SIMPSON, Judge

Judge Cosgrove did not participate in the decision in this case.

---

[4] A prisoner, whose IFP status is revoked pursuant to the "three-strikes rule," is able to "proceed by paying costs" before the trial court dismisses the action in its entirety under Section 6602(f) of the PLRA, 42 Pa. C.S. §6602(f). Lopez v. Haywood, 41 A.3d 184, 188 (Pa. Cmwlth. 2012).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,             :
           Appellant      :
                           :
           v.                 :    No. 566 C.D. 2017
                           :
Tom Wolf, Deputy Dialesandro,    :
Robert Gilmore, Kyle Guth, B.      :
Jordan, AJ Morris, Captain Schrader, :
Tracy Shawley, Lieutenant Stickles,   :
Farley Toothman, Sergeant Trout,    :
Irma Vihlidal, John Wetzel, Susan K.   :
White, Sherry Wise and Mike Zaren   :

# **O R D E R**

**AND NOW**, this 16th day of January, 2018, the order of the Court of Common Pleas of Dauphin County is **AFFIRMED**.

 

 

                           _____
                           ROBERT SIMPSON, Judge