J-S34026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ALTON D. BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ALTON D. BROWN | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 302 WDA 2022 |

Appeal from the Order Entered February 9, 2022
In the Court of Common Pleas of Fayette County
Civil Division at CP-26-MD-0000471-2021

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.: **FILED: OCTOBER 26, 2022**

Alton D. Brown (Appellant) appeals *pro se* from the order dismissing his "Petition for Review of Denial (Deemed) of Private Criminal Complaint" (Petition). Consistent with the Pennsylvania Supreme Court's decision in **Brown v. Levy**, 73 A.3d 514, 515 (Pa. 2013), we affirm.

Nearly a decade ago, the Supreme Court observed that Appellant is "serving 108 to 216 years' imprisonment[, and] is a frequent flier of frivolous litigation in the Commonwealth and federal courts." **Id.**

More recently, the trial court explained:

On December 2, 2021, [Appellant] filed his Petition for Review. In the Petition, he requested review of a private criminal complaint he had submitted to the Fayette County District Attorney on December 19, 2017, pursuant to Pa.R.Crim.P. 506. On February

---

* Retired Senior Judge assigned to the Superior Court.

9, 2022, this [c]ourt issued an Order dismissing Appellant's Petition as frivolous pursuant to 42 Pa.C.S.A. § 6602(e)(2).

Statement in Lieu of Opinion, 4/8/22, at 1 (footnote omitted).

The trial court further observed:

[Appellant's] complaint listed eleven (11) crimes, including: Corrupt Organization - 18 Pa.C.S.A. § 911, which Appellant alleges was committed because "unlike other public law enforcement agencies and public officials/employees, corrupted gangs, organizations, and other groups operating within the Pa. D.O.C., especially white supremacist groups, has [*sic*] been allowed to racially profile, abuse, and harass Africans for years, without being subjected to any consequences"; and Trafficking in Individuals - 18 Pa.C.S.A. § 3011, which Appellant alleges was committed because he "has been transferred to three (3) different institutions where he has been exploited by the homosexual elements of the Pa. D.O.C. for sexual gratification purposes, especially the repeated subjecting [of] him to unlawful cavity body searches under the security pretext," Private Criminal Complaint at ¶ 12.

*Id.* at 2 n.4.

The trial court dismissed Appellant's Petition "as frivolous, pursuant to 42 Pa.C.S.A. § 6602(e)(2)." Order, 2/9/22, at 2. Rule 6602 concerns prisoner filing fees, and the subsection relied upon by the trial court states:

**(e) Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court **shall dismiss** prison conditions litigation at any time, including prior to service on the defendant, if the court determines …

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S.A. § 6602(e)(2) (emphasis added).

- 2 -

Appellant timely filed a notice of appeal and statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). He presents two questions for our review:

I. WHETHER THE TRIAL COURT'S FAILURE TO REQUIRE A RESPONSE TO THE PETITION/COMPLAINT ADD[ED] TO THE ARBITRARY DEEMED DENIAL OF THE PRIVATE COMPLAINT AND CONSTITUTE[D] A DENIAL OF DUE PROCESS?

II. WHETHER [THE TRIAL COURT] EXCEED[ED] ITS AUTHORITY BY ACTING AS PROSECUTOR WHEN IT CITED GROUNDS FOR THE DENIAL OF THE PRIVATE COMPLAINT, THEN APPROVING THE DENIAL ON SAID GROUNDS?

Appellant's Brief at 1.

Appellant argues the trial court erred by failing to require the District Attorney to respond to his private criminal complaint, and "making the decision in the first instance."[1] *Id.* at 2. Appellant focuses on Pa.R.Crim.P. 506, regarding private complaints,[2] but disregards 42 Pa.C.S.A. § 6602(e)(2),

---

[1] The Commonwealth has not filed a brief.

[2] The Rule states:

**(A)** When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

**(B)** If the attorney for the Commonwealth:

**(1)** approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

*(Footnote Continued Next Page)*

- 3 -

and the trial court's authority under Pennsylvania's Prison Litigation Reform Act (PLRA), 42 Pa.C.S.A. § 6601, *et seq*.

In 2013, Appellant was the appellee in *Brown v. Levy*, *supra*, where the Supreme Court unanimously held that his mandamus action seeking to compel the Montgomery County Prothonotary to accept his complaint, "constitute[d] 'prison conditions litigation' as that term is defined in § 6601 of the Pennsylvania Prison Litigation Reform Act, 42 Pa.C.S. § 6601, *et seq.* ("PLRA"), thereby subjecting the action to dismissal pursuant to the 'three strikes' rule of 42 Pa.C.S. § 6602(f)." *Brown v. Levy*, 73 A.3d at 517.[3]

_____

> **(2)** disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506(A)-(B).

[3] The Supreme Court determined Appellant had "run afoul of [the] three-strikes-and-you're-out policy." *Brown*, 73 A.3d at 515 n.1, *citing Brown v. Beard,* 492 F.Supp.2d 474, 476 (E.D.Pa.2007). The Court quoted the federal district court, which relayed:

> [N]umerous other cases [have been] dismissed against [Appellant] for being frivolous, brought in bad faith, or failing to state a claim. *See, e.g., Brown v. Brierton,* et al., No. 91–CV–471 (M.D.[ ]Fla. Oct. 17, 1991) (Black, J.) (doc. no. 6) (dismissing prisoner rights case for abuse of judicial process); *Brown v. Brierton,* No. 92–2030 (11th Cir. Feb. 10, 1992) (denying appeal of prisoner civil rights case because appeal was not taken in good faith under Rule 24(a) of the Federal Rules of Appellate Procedure since the case was dismissed without prejudice for Brown's abuse of the judicial process); *Brown v. Barton, et al.,* No. 93–CV–45 (M.D. [ ]Fla. Sep[t]. 12, 1994) (Moore II, J.) (denying appeal of

*(Footnote Continued Next Page)*

Although the Supreme Court addressed subsection (f), its analysis is applicable to subsection (e), which the trial court relied on in this case. *See* Order, 2/9/22, at 2; *see also* Statement in Lieu of Opinion, 4/8/22, at 1.

Section 6606(e)(2) states "the court **shall** dismiss prison conditions litigation … if the court determines … [t]he prison conditions litigation is frivolous or malicious." The Supreme Court explained:

> "Prison conditions litigation" is defined in the PLRA as: "A *civil proceeding* arising in whole or in part under Federal or State law with respect to the conditions of confinement or *the effects of actions by a government party on the life of an individual confined in prison.* The term includes an appeal." 42 Pa.C.S. § 6601 (emphasis added).

*Brown v. Levy*, 73 A.3d at 517 (italics in original). The Supreme Court further concluded it was "reasonable to assume that Congress wished to apply

---

> prisoner civil rights case because not taken in good faith); *Brown v. Federal Laboratories, Inc.,* No. 89–507 (M.D.[ ]Fla.1989) (dismissing claim as frivolous)....
>
> *Id.,* at 476–77. Just a small sampling of the complaints [Appellant] has filed in Pennsylvania include: *Brown v. Beard,* 11 A.3d 578 (Pa. Cmwlth. 2010) (dismissing prison conditions litigation as frivolous speculation); *Brown v. Pa. Department of Corrections,* 913 A.2d 301 (Pa. Cmwlth. 2006) (dismissing request to proceed *in forma pauperis* and petition for writ of mandamus under "three strikes" rule as baseless, groundless, and frivolous); *Brown v. Blaine,* 833 A.2d 1166 (Pa. Cmwlth. 2003) (complaint dismissed for failure to state claim); and *Brown v. James,* 822 A.2d 128 (Pa. Cmwlth. 2003) (request to proceed *in forma pauperis* on petition for writ of mandamus dismissed under "three strikes" rule).
>
> *Id.*

the PLRA's deterrent effect to prisoners' complaints, **regardless of the type of pleading filed by the prisoner to obtain relief**. As the General Assembly patterned Pennsylvania's PLRA after the federal PLRA, we conclude this rationale holds true in Pennsylvania as well." *Id.* at 518-19 (emphasis added).

Here, the trial court's order dismissing Appellant's Petition was issued from "THE COURT OF COMMON PLEAS OF FAYETTE COUNTY CIVIL DIVISION," with the caption: "IN RE Alton D. Brown, Petitioner." Order, 2/9/22, at 1. The trial court expressly determined Appellant's Petition was "frivolous." *Id.; see also* Statement in Lieu of Opinion, 4/8/22, at 3 n.5 (trial court observing Appellant "signed his private criminal complaint and his Statement of Errors with the alias: 'Political Prisoner #DL4686.' This perhaps sheds some light on his perspective."). We discern no error in the trial court's dismissal of Appellant's Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2022