IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
                                         :
                      Appellant          :
                                         :
             v.                          : No. 924 C.D. 2019
                                         : Submitted: April 14, 2023
Correct Care Solutions, John E.          :
Wetzel, and Tom Wolf                     :


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                               FILED:  September 18, 2023


Alton D. Brown (Inmate) appeals *pro se* the order of the Fayette County Court of Common Pleas (trial court) granting the Motion to Dismiss filed by Correct Care Solutions (CCS) pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 233.1.[1]  We affirm.

---

[1] Pa.R.Civ.P. 233.1(a) and (c) states, in pertinent part:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>
> (2) these claims have already been resolved pursuant to . . . a court proceeding.

* * *

**(Footnote continued on next page…)**

On October 22, 2018, Inmate filed a 100-page Complaint in the trial court containing 25 counts and naming over 380 defendants, including CCS, a contracted healthcare service provider with the Pennsylvania Department of Corrections (DOC), and its employees; DOC, and its former Secretary John E. Wetzel (Secretary); and former Pennsylvania Governor Tom Wolf (Governor) (collectively, Defendants). *See* Original Record (O.R.) Docket (Dkt.) Entry 1. Specifically, the Complaint generally alleged: (1) Defendants deprived Inmate of his rights, privileges, and immunities under the First Amendment to the United States (U.S.) Constitution, U.S. Const. amend. I; (2) violation of the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution, U.S. Const. amends. VIII, XIV, with respect to his housing and treatment in various DOC facilities; (3) violation of the Eighth Amendment through the use of excessive force and corporal punishment while being housed in DOC facilities; (4) violation of the Eighth Amendment through the denial of proper medical care for his prostate cancer, and other physical and mental conditions, while being housed in DOC facilities; (5) violation of the Fourteenth Amendment right to be free of a civil conspiracy among the named government officials; (6) violation of his rights under the federal Americans with Disabilities Act of 1990, 42 U.S.C. §§12101-12213, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; (7) violation of his due process rights under the Fourteenth Amendment by providing medical care and facilities that do not comply with a number of state statutes and regulations; (8) various torts including negligence, malpractice, and intentional

---

(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

2

infliction of emotional distress, for acts relating to his housing and care in DOC facilities; (9) breach of contract regarding the medical care provided by CCS employees; and (10) violation of his right to access to the courts under the First and Fourteenth Amendments. *See generally id.* Based on the foregoing, Inmate sought various forms of declaratory and injunctive relief; monetary damages totaling $50,000,000.00; court costs; and any other relief the trial court deemed to be appropriate. *See id.*

On May 2, 2019, CCS and its named employees filed a Motion to Dismiss Pursuant to Pa.R.Civ.P. 233.1 (Motion) and a brief in support thereof. *See* O.R. Dkt. Entries 12, 13. On June 14, 2019, the trial court granted the Motion and dismissed the Complaint with prejudice. *See id.* at 16. In its Pa.R.A.P. 1925(a) opinion filed in support of its order, the trial court explained the reasoning underlying its dismissal of all claims against CCS and its employees under Pa.R.Civ.P. 233.1. *See* O.R. Dkt. Entry 19 at 2-4. The trial court also cited the Prisoner Litigation Reform Act (PLRA), 42 Pa. C.S. §§6601-6608,[2] as a basis upon

---

[2] Specifically, Section 6602(e)(2) of the PLRA states, in pertinent part: "Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines . . . [t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted . . . ." 42 Pa. C.S. §6602(e)(2). As this Court has observed: "Section 6602(e)(2) of the [PLRA] establishes that the court shall dismiss prison conditions litigation *at any time* if it determines that the litigation fails to state a claim upon which relief may be granted. 42 Pa. C.S. §6602(e)(2)." *McCool v. Department of Corrections*, 984 A.2d 565, 569 (Pa. Cmwlth. 2003) (emphasis in original).

In addition, Section 6602(f) of the PLRA states, in relevant part:

> If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or

**(Footnote continued on next page…)**

which it dismissed all of the claims raised against the remaining Defendants. *See id.* at 4-5. Inmate then filed the instant timely appeal of the trial court's order.

On appeal,[3] Inmate claims: (1) the trial court did not have jurisdiction over the Defendants that were not served with his Complaint; (2) the trial court erred as a matter of law and fact in dismissing the Complaint under Pa.R.Civ.P. 233.1; and (3) the trial court erred as a matter of law in applying the PLRA's "three strikes rule" in Section 6602(f) to dismiss the claims that were raised in the Complaint.[4]

---

> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith . . .
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa. C.S. §6602(f)(1), (2). As the Pennsylvania Supreme Court has explained: "It is undisputed [Inmate] has previously filed more than three prison conditions litigation actions that have been dismissed. It is also undisputed the underlying complaint the prothonotary refused to accept constitutes prison conditions litigation." *Brown v. Levy*, 73 A.3d 514, 517 (Pa. 2013) (citations omitted).

[3] "'The interpretation and application of a [Pa.R.Civ.P.] presents a question of law. Accordingly, to the extent that we are required to interpret a [Pa.R.Civ.P.], our standard of review is *de novo* and our scope of review is plenary.'" *Ligonier Township v. Nied*, 161 A.3d 1039, 1046 (Pa. Cmwlth. 2017) (citation omitted). Likewise, with respect to the trial court's dismissal of claims under the PLRA, our scope of review is plenary, and our standard of review is *de novo*. *Robertson v. Zaken* (Pa. Cmwlth., No. 1111 C.D. 2019, filed December 22, 2021), slip op. at 4 n.5; *see also* Pa.R.A.P. 126(b) ("'[N]on-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

[4] As indicated above, as alternate bases, the trial court also dismissed all of the claims in the Complaint pursuant to both Section 6602(e)(2) and (f) of the PLRA *See* O.R. Dkt. Entry 19 at **(Footnote continued on next page…)**

However, after reviewing the record, Inmate's brief, and the relevant law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Linda R. Cordaro, and affirm on the basis of her opinion in the matter of *Brown v. Correct Care Solutions* (C.P. Fay., No. 2299 of 2018, G.D., filed September 18, 2019).[5]

Judge Fizzano Cannon did not participate in the decision of this case.

4-6. Inmate does not raise a claim of trial court error with respect to the dismissal of all of the claims under either Section 6602(e)(2) or (f)(1). *See* Brief of the Appellant at 2, 20.

[5] In its order, the trial court relied *exclusively* on Pa.R.Civ.P. 233.1, while its opinion explicated that Section 6602(e)(2) and (f)(1), 42 Pa. C.S. §6602(e)(2) and (f)(1), provides another basis upon which its order could be affirmed. Because courts speak in orders, the exclusive rationale set forth in the trial court's order ordinarily would control. However, because the trial court added analysis to its order in the opinion, we are adopting that analysis as well, despite the fact that the trial court did not amend its order to reflect the total analysis set forth in its opinion. It is well settled that "'[w]e may affirm a trial court determination under a different rationale, where the result is correct and the basis on which we affirm is clear on the record.'" *Brown v. James*, 822 A.2d 128, 131 (Pa. Cmwlth. 2003) (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                    :
                                   :
                    Appellant      :
                                   :
          v.                       : No. 924 C.D. 2019
                                   :
Correct Care Solutions, John E.    :
Wetzel, and Tom Wolf               :

**PER CURIAM**

**O R D E R**

AND NOW, this 18<u>th</u> day of <u>September</u>, 2023, the order of the Fayette County Court of Common Pleas (trial court), dated June 14, 2019, is AFFIRMED on the reasoning set forth in the trial court's September 18, 2019 Pa.R.A.P. 1925(a) Opinion.

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CIVIL DIVISION

ALTON D. BROWN,               :

    Plaintiff,            :

        v.               :

CORRECT CARE SOLUTIONS, *et al.*,   :

    Defendants.        :    No. 2299 of 2018, G.D.

# OPINION

Linda R. Cordaro, J.

## SUMMARY

Plaintiff filed a prison conditions action against over 300 Defendants. Partial Defendants moved to dismiss the action based on Pa.R.C.P. 233.1—Frivolous Litigation. This Court dismissed the action; Plaintiff appealed.

## BACKGROUND

Plaintiff, Alton Brown, filed a Complaint in Civil Action on October 22, 2018. The Complaint is 100 pages long and names roughly 380 Defendants, including Correct Care Solutions. Correct Care Solutions is a contracted healthcare service with the Pennsylvania Department of Corrections.

Mr. Brown's Complaint contains 25 Counts and 340 Paragraphs. The general allegations in the Complaint involve a government conspiracy to deprive Mr. Brown of his medical and constitutional rights for a period of over 20 years in various state correctional institutions in the Commonwealth. The Defendants listed in the Complaint



include Correct Care Solutions, Pennsylvania Governor Tom Wolf, Secretary of the Pennsylvania Department of Corrections John Wetzel, Department of Corrections staff, former Pennsylvania governors, and many others.

On May 2, 2019, Correct Care Solutions filed a Motion to Dismiss Pursuant to Pa.R.C.P. 233.1. In its Motion and accompanying Brief in Support, Correct Care Solutions argues that Mr. Brown is a *pro se* Plaintiff who has filed similar actions against related defendants.

On June 14, 2019, this Court granted Defendants' Motion and dismissed the case with prejudice. Mr. Brown filed an appeal on July 18, 2019, which was dated July 12, 2019.[1]

## DISCUSSION

Correct Care Solutions's Motion to Dismiss is premised on Pennsylvania Rule of Civil Procedure 233.1, which states:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that[:]

---

[1] Pa.R.A.P. 906(a)(2) requires that appellants serve a copy of their notice of appeal to the judge who entered the decision concurrently with their filing a notice of appeal. The Notice of Appeal in this case was filed on July 18, 2019. However, this Court did not receive Notice of an Appeal in this case until after August 13, 2019.

On August 8, 2019, Mr. Brown sent an envelope containing his Notice of Appeal addressed to: "Linda Cordaro, Judge; Dauphin County Courthouse; 101 Market Street; Harrisburg, PA 17101." The work address of the undersigned is not in Dauphin County, but rather it is in Fayette County. The Dauphin County Court Administrator forwarded the Notice of Appeal to the undersigned by mail, postage dated August 13, 2019. This Court received the Notice of Appeal several days later.

As a result of Mr. Brown's failure to properly serve this Court with his Notice of Appeal, this Court did not have sufficient time to both direct Mr. Brown to file a statement of errors complained of on appeal and draft an opinion by the time the lower court is required to transmit the record. See Pa.R.A.P. 1925(b)(2) (requiring a judge to allow an appellant 21 days to file a statement), and see Pa.R.A.P. 1931 (requiring the lower court to transmit the record within 60 days from the date the notice of appeal is entered on the docket).

(1) [T]he *pro se* plaintiff is alleging the same or related claims [that] the *pro se* plaintiff raised in a prior action against the same or related defendants, and

(2) [T]hese claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Here, Correct Care Solutions argues that Mr. Brown is alleging the same or related claims against the same or related defendants in prior actions, and that those claims have already been resolved pursuant to court proceedings. In support of that argument, Correct Care Solutions cites the following cases as examples: 1) *Brown v. Zaken*, No. 1347 C.D. 2016, 2019 WL 470965 (Pa. Commw. Ct. February 7, 2019); 2) *Brown v. Pennsylvania Department of Corrections*, 183 A.3d 527 (Pa. Commw. Ct. 2018); and 3) *Brown v. Wolf*, 183 A.3d 517 (Pa. Commw. Ct. 2018).

This Court agrees with Correct Care Solutions that Pa.R.C.P. 223.1 applies to this Action. First, Mr. Brown is a *pro se* Plaintiff.

Second, the cases cited by Correct Care Solutions support its argument that Mr. Brown is alleging the same or related claims against the same or related defendants in prior actions. This Court reviewed the defendants named in the three cases cited by Correct Care Solutions and compared them to Defendants named in the present Action and determined that many of them overlap. In the first 50 named-Defendants alone in the present Action, the overlapping Defendants include: Mike Zaken, Deputy Dialesandro, Tracy Shawley, Irma Vihlidal, Captain Schrader, A.J. Morris, Lieutenant Stickles, Sergeant Trout, B. Jordan, Kyle Guth, Secretary John Wetzel, Governor Tom Wolf, and Robert Gilmore.

Third, the claims raised in the three cases cited by Correct Care Solutions are similar or related to the claims Mr. Brown raises in the current Action. The allegations



raised in both the prior actions and the present Action are generally that various people associated with the Pennsylvania Department of Corrections are subjecting him to physical and psychological abuse, denying him medical care, and sabotaging his efforts to litigate grievances. Because the Defendants and the claims in the current Action are the same or related to those in previous actions, Pa.R.C.P. 233.1(a)(1) is satisfied.

Fourth, as indicated in the cases cited by Correct Care Solutions, the claims that Mr. Brown currently raises have already been resolved pursuant to a court proceeding. This satisfies Pa.R.C.P. 233.1(a)(2). This Court therefore agrees with Defendant Correct Care Solutions that Pa.R.C.P. 233.1 applies to this case. As a result, this Court dismissed the present Action as frivolous litigation.

Additionally, this Action qualifies as Prison Conditions Litigation as that term is defined by 42 Pa.C.S.A. §6601: "A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison."

Courts of Common Pleas have the statutory authority to dismiss prison conditions litigation at any time for certain enumerated reasons. Relevantly here, courts may dismiss prison conditions litigation that "is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa.C.S.A. §6602(e)(2). Courts may also dismiss prison conditions litigation if a prisoner has previously filed such litigation and:

(1) [T]hree or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or

(2) [T]he prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the



same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial.

42 Pa.C.S.A. §6602(f).

In 2012, the Commonwealth Court wrote, "[Alton] Brown has a prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement." *Brown v. Pennsylvania Department of Corrections*, 58 A.3d 118, 121 (Pa. Commw. Ct. 2012). After reviewing caselaw related to Mr. Brown's history of filing frivolous litigation, this Court concludes that, in addition to dismissing the case based on Pa.R.C.P. 233.1, this Court also has the authority to dismiss this Action based on 42 Pa.C.S.A. §6602(e)(2), §6602(f)(1), or §6602(f)(2).

There is one notable exception to the foregoing analysis: a court may not dismiss "a request for preliminary injunctive relief or a temporary restraining order [that] makes a credible allegation that the prisoner is in imminent danger of serious bodily injury." 42 Pa.C.S.A. §6602(f). To be imminent danger, "the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Lopez v. Haywood*, 41 A.3d 184, 189 (Pa. Commw. Ct. 2012) (citing *Commonwealth v. Capitolo*, 498 A.2d 806, 809 (Pa. 1985)). Mr. Brown's Complaint does not raise any allegations that rise to the standard of "imminent danger of serious bodily injury."



## CONCLUSION

For the foregoing reasons, this Court granted Correct Care Solutions's Motion to Dismiss. This Court respectfully asks that the decision be affirmed.

BY THE COURT:

ATTEST: _~signature~_

_____
Prothonotary

_~signature~_
Linda R. Cordaro, Judge

Dated: September 18, 2019